**UNITED STATES of America**

v.

**Robert S. HAWKER.**

**Crim. No. 82–3.**

United States District Court,
D. Massachusetts.

Aug. 5, 1982.

---

118

Dennis J. Kelly, U.S. Atty., Boston, Mass., for United States.

James B. Krasnoo, William A. Brown, Brown & Prince, Boston, Mass., for Robert S. Hawker.

Memorandum and Order

KEETON, District Judge:

On July 14, 1982, defendant moved to dismiss Count I, the only remaining count of the indictment in this case, on the ground that he has been deprived of his statutory right to a speedy trial, 18 U.S.C. § 3161 *et seq.*, and his rights under Final Plan for Prompt Disposition of Criminal Justice within the District of Massachusetts, effective July 1, 1980 ("the Plan"; page citations are to the blue-covered edition). By amendment he seeks dismissal also under Fed.R.Crim.P. 48(b), in the exercise of discretion.

## I.

The chronology of developments in this case includes the following events:

1/7/82 Arraignment on one-count indictment

1/26/82 Defendant filed numerous motions

2/1/82 Magistrate's written decision on certain motions; order that other motions be reserved for trial judge (including motions to dismiss one-count indictment for duplicity and vagueness and for pre-indictment delay)

2/3/82–2/5/82 Government filed responses to motions reserved for trial court

2/16/82 Superseding indictment, restating original count as Count I and adding a new Count II

2/19/82 Call for hearing on all pending motions; rescheduled for 3/8/82

2/19/82 Defendant arraigned on Count I; advised of trial date, 3/8/82

2/26/82 Defendant filed motions relating to Count II; two motions—the Motion to Sever Counts and Motion to Elect—also related to Count I

3/2/82 Magistrate ruled on certain motions filed on 2/26/82

3/5/82 Government filed responses to motions filed 2/26/82.

3/8/82 Chief Judge Caffrey heard motions, announcing decisions on some, taking others under advisement

3/8/82 Trial set for 3/11/82

3/10/82 Chief Judge Caffrey allowed Government's Motion for continuance, continuing trial date from 3/11/82 to 3/15/82

3/12/82 Chief Judge Caffrey entered memorandum recording decisions announced 3/8/82, deciding some motions reserved on 3/8/82, and reserving ruling on one motion (a motion to dismiss) until time of trial; Motion to Sever Counts allowed, election of count to be tried first left to government

3/12/82 Judge McNaught allowed defendant's oral motion for continuance "due to medical condition of defendant and there being no opposition by the government," continuing trial to 3/29/82

3/19/82 Government elected to try Count II first

3/24/82 Motion to Dismiss Count II filed

3/26/82 Pretrial conference before Judge Nelson; case continued at defendant's request until 4/1 & 4/2 for jury selection and 4/5 to commence evidence

3/30/82 Motion for exculpatory evidence filed

3/31/82 Magistrate decided motion for exculpatory evidence [see also 4/9/82]

4/1/82 Motion in Limine III filed

4/5/82 Judge Nelson denied Motion to Dismiss Count II

4/5/82 Jury selection for trial on Count II commenced

4/6/82 Jury panel discharged before jury sworn, with consent of parties, because of blizzard and closing of courthouse

4/9/82 Defendant's Motion for Reconsideration of Magistrate's order (referred to as order of 4/9/82) regarding exculpatory evidence

4/14/82 Government's Response to Defendant's Motion for Reconsideration of Magistrate's order

4/19/82 Trial on Count II commenced

5/21/82 Verdict of guilty on Count II

5/25/82 Post-verdict motions relating to Count II filed (motions for arrest of judgment, acquittal, and in the alternative for new trial)

5/27/82 Motion of Counsel to Withdraw (for nonpayment of fees) filed

6/2/82 Motion of Counsel to Withdraw allowed

6/4/82 Period of fourteen days following verdict expired

7/5/82 Period of 45 days following verdict expired

7/14/82 Defendant's post-verdict motions denied; sentencing on Count II

7/14/82 Defendant filed the present motion to dismiss Count I

7/16/82 Government's Motion for Specifically Assigned Trial Date

7/22/82 The clerk having notified defendant to appear for hearing, and defendant having made a request to clerk by telephone for continuance, Judge Keeton allowed defendant's request for continuance of hearing from 7/23/82 to 7/26/82

7/26/82 Judge Keeton allowed defendant's oral request for continuance to obtain new counsel, to 8/2/82; allowed motion that previous counsel be permitted to appear solely on present motion to dismiss Count I; commenced hearing on motion to dismiss and, after second session on 7/26/82, recessed hearing to 7/30/82

7/30/82 Hearing on motion to dismiss Count I completed; motion taken under advisement

8/2/82 Judge Keeton allowed defendant's motion for further continuance of one week to obtain counsel

The following orders for excludable delay have been entered. Those marked by a single asterisk are not challenged (except that defendant contends, with good reason, that any overlapping days should not be counted twice). Those marked by two asterisks are challenged. It is not clear whether others are or will be challenged. Defendant has not explicitly challenged the order entered 7/26/82 for excludable delay because of the continuance to allow defendant to seek new counsel; I understand this order to be unchallenged at least as to the period from 7/26/82 through 8/2/82 (when the order was entered, upon findings that the interests of justice in allowing defendant to seek new counsel outweigh the interests of the public and the defendant in a speedy trial), but defendant's written submission of 7/30/82 observes that this order was not entered on 7/23/82 and thus may be read as challenging the excludability of the period from 7/23/82 to 7/26/82.

| 2/3/82 | * Magistrate Cohen | 1/26–1/29 | Filing date to hearing |
| | | 1/30–2/1 | Under advisement |
| 3/5/82 | * Magistrate Cohen | 2/26–3/2 | Filing date to hearing |
| 4/12/82 | ** Judge Nelson | 3/30–4/5 | Filing date to hearing |
| 4/12/82 | ** Judge Nelson | 3/24–4/5 | Filing date to hearing |
| 4/21/82 | ** Judge McNaught | 1/26–3/12 | Filing date to hearing |
| 6/8/82 | ** Judge Nelson | 3/12–3/29 | Exam or Hearing for mental or physical capacity |
| | | [3/30–4/18] | No order previously entered |
| 6/30/82 | Judge Nelson | 4/19–5/21 | Trial on other charges |
| | | [5/22–5/26] | No order previously entered |
| | | 5/27–6/2 | Filing date to hearing |
| | | [6/3–7/22] | No order previously entered |
| 7/26/82 | Judge Keeton | 7/23–8/2 | Interest of justice continuance |
| 8/2/82 | Judge Keeton | 8/2–8/9 | Interest of justice continuance |

## II.

The parties have argued many more issues than are dispositive of this motion, or even potentially dispositive. At the cost of extending the length of this memorandum, I have noted the arguments, and the issues to which they relate, even when determining that I need not decide those issues in view of rulings made here. To facilitate identification of the issues that I have concluded to be dispositive, and additional issues that might be dispositive either because my rulings may be challenged or because of later developments in this case, I first set forth in chronological order the effect of my rulings.

| Period | Reason(s) for Exclusion | Determined to be Excludable | Disputable: not now decided | Determined to be not Excludable |
|---|---|---|---|---|
| 1/7–1/25 | | | | 19 |
| 1/26–2/26 | Pre-trial motions on Count I filed and not yet heard | 32 | | |
| 2/27–3/8 | Pre-trial motions filed 2/26, affecting both counts, not yet heard | 10 | | |
| 3/9–3/12 | Motions under advisement | 4 | | |
| 3/13–3/23 | Election on counts not made until 3/19; continuance at defendant's request due to defendant's medical condition; motions pending on Count II | 11 | | |
| 3/24–4/4 | Motion to dismiss Count II (filed 3/24), not yet heard; continuance for time to prepare, 3/26–4/1; motion for exculpatory evidence, 3/30–3/31 and further order 4/9/82 | 12 | | |
| 4/5–4/6 | Jury Selection | 2 | | |
| 4/7–4/18 | Continuance caused by blizzard; within 14 days following aborted trial; motion of 4/9 for reconsideration of Magistrate's order regarding exculpatory evidence pending, not yet heard | 12 | | |
| 4/19–5/21 | Jury Selection through verdict 33 | | | |
| 5/22–6/4 | Period of 14 days following verdict; post-verdict motions filed and not heard; motion of counsel to withdraw filed 5/27, heard and decided 6/2 | 14 | | |
| 6/5–7/13 | Post-verdict motions not yet heard; sentencing hearing on Count II not yet held | | 39 | |
| 7/14–8/2 | Motion to dismiss Count I filed 7/14, hearing completed 7/30, under advisement to date of this decision; continuance in interests of justice to allow defendant to seek new counsel 7/23/82 | 20 | | |
| 8/2–8/3 and beyond | Continuance in interests of justice | 1 | | |
| Days calculated as of 8/3/82 | | 151 | 39 | 19 |

## III.

Defendant contends that the total of non-overlapping time excluded by orders made before July 26, 1982 by judges and magistrates of this court is 115 days, that 201 days elapsed between 1/7/82 and 7/26/82, that the remaining number of 86 days exceeds the 70-day limit, and that the motion to dismiss should therefore be allowed, even without regard for defendant's challenges to the validity of some of the excludable-time orders. The government responds that the court may now determine whether additional periods of time were excludable, and that in fact only 19 days of non-excludable time have run—from 1/7/82 through 1/25/82.

I conclude that the government's contention that the court may determine excludability has merit at least as to all periods with respect to which the relevant facts are disclosed of record in the files of this court. *Cf. United States v. Jodoin,* 672 F.2d 232, 238 (1st Cir.1982) (failure of trial judge and speedy trial clerk to pass on whether time was excludable does not preclude exclusion based on facts not in dispute; appellate court must affirm judgment of district

court if it is correct as a matter of law, even if for reasons other than those cited by the district court). A more debatable issue is presented by the contention that the court should now (or at a later time, should the issue become decisive) determine that the interests of justice in allowing one or more of the continuances outweigh the interests of the public and the defendant in speedy trial, § 5(b)(8) of the Plan, p. 21, the judge who allowed the continuance having made no such determination at that time. In view of other rulings made in this memorandum and order, I need not decide that question.

■ Defendant asserts that his objections now made to excludable-time orders are timely, despite the provisions, including those for waiver, stated in § 5(f)(6) of the Plan, pp. 28–29, because copies of the excludable-time orders were not mailed to counsel by the clerk when the orders were entered and were not received before 7/23/82. The absence of service of copies on government and defense counsel appears to be undisputed. I hold that objections to excludable-time orders are timely.

### IV.

■ Defendant has called attention to delays during trial, thus at least implicitly contesting the excludability, under § 5(b)(1)(D), of some days between commencement and conclusion of "trial" when delays occurred. The Plan, however, provides for excluding "[d]elay resulting from trial of the defendant on other charges in any state or federal court, including this court." According to the Plan,

> (i) The excludable period shall commence on the date that such other trial begins and shall conclude fourteen days after termination of that trial.

> (ii) As used in this subparagraph, "trial" shall be deemed to include the impanelling of the jury, a hearing on any motion which has been deferred for hearing to the trial date and *any time during which the trial is suspended.*

The Plan, § 5(b)(1)(D), p. 13 (emphasis added). I conclude that, at least as the Plan

applies to the circumstances of this case, all time between commencement and conclusion of "trial" is excludable.

In view of my rulings regarding excludable time for pending motions, see parts V–B and V–C *infra,* I need not determine whether the time between the impanelling on April 4 and the impanelling on April 19 (after the blizzard of April 5 had caused the first impanelling to be aborted before the jury was sworn) was excludable either as a "time during which the trial is suspended" or as a time within a fourteen day period following a "trial" commenced on April 4 and aborted on April 5.

The definition of "trial" does not include any period based on pending "pretrial" motions, though it does include time in "hearing on any motion which has been deferred for hearing to the trial date." Thus, if any time is excludable because of pretrial motions relating to Count II only, the basis must be found elsewhere than in § 5(b)(1)(D) of the Plan. See part V–B *infra.*

### V.

Acknowledging that the periods 1/26–2/1 and 2/26–3/2 are excludable, defendant challenges the excludability of all or at least most of the remainder of the period 1/26–4/4 and 4/7–4/18, despite the fact that on each day throughout this time at least one pending motion had not yet been heard. Defendant argues each of the several grounds considered here.

### A. What Motions Qualify as "Pretrial" Motions?

■ Defendant contends that not all motions pending during periods of time asserted to be excludable under § 5(b)(1)(F) of the Plan were "pretrial motions" in the relevant sense.

An argument for a narrow definition of "pretrial motion," similar to the argument defendant advances here, was rejected in *United States v. Brim,* 630 F.2d 1307, 1312 (8th Cir.1980), *cert. denied,* 452 U.S. 966, 101 S.Ct. 3121, 69 L.Ed.2d 980 (1981) (rejecting argument that "ordinary pretrial motions

for discovery, disclosure of alibi witnesses, and the like do not give rise to excludable periods unless delay of the trial actually is caused by the filing of the motions," and sustaining government's contention "that the statute provides for automatic exclusion of the time when such motions are pending").

Some of the motions filed in the present case, however, are distinguishable from those before the court in *Brim*. I conclude that defendant's contention has merit as to a motion to sequester and as to a motion in limine on which hearing was deferred until a time on or immediately preceding the date set for trial. This was done, no doubt, to provide for a ruling by the trial judge, whose identity might not be ascertainable earlier under the court's panel system for trial of criminal cases. In light of other rulings, I need not determine whether a few days of delay for motions in limine might be excludable. I therefore disregard entirely motions in limine (or to sequester) in determining excludable time in this case.

Defendant's contention that a motion to dismiss is not a "pretrial motion" lacks merit. Orderly procedure requires that it be considered before trial, and no valid reason appears for not treating it as a "pretrial motion" in the sense relevant to § 5(b)(1)(F) of the Plan.

Defendant contends also that the motion to sever was not a "pretrial motion." I conclude, however, that it was a "pretrial motion" in the sense that term is used in § 5(b)(1)(F) of the Plan. *Cf. Brim, supra.*

I conclude also that a motion for continuance is a "pretrial motion" in the sense relevant to § 5(b)(1)(F) of the Plan. Defendant argues that applying this rule will favor defendants who wait until the last minute to file a motion for continuance, to avoid excludable time. This argument fails to give due weight to the high risk that would be involved in using such a tactic— the risk that the motion would be denied because of failure to make it promptly after the grounds asserted had become known. The parties should be encouraged to file motions promptly, and the period between the filing of the motion and the time when the motion and any opposition can be heard, consistently with the court's reasonably prompt attention to it, is properly excludable. This is, however, in any event only an alternative ground of decision in the present case, since at all times when a motion for continuance was pending, some other pretrial motion was also pending.

**B. May Motions related only to Count II be the basis for excludable time?**

Defendant argues that no motion relating only to Count II can be a basis for excludable time as to Count I, because no subdivision of 18 U.S.C. § 3161(h)(1) or of § 5(b)(1) of the Plan so provides. The government responds that the many subdivisions of 18 U.S.C. § 3161(h)(1) and the Plan, § 5(b)(1), are illustrative, not exhaustive, as declared by the introductory statement appearing both in the statute and in the Plan:

(1) Any period of delay resulting from other proceedings concerning the defendant, including, but not limited to ....

18 U.S.C. § 3161(h)(1); Plan, § 5(b)(1).

The point that the language of the Act and the Plan cover more than the examples given is supported by the decision in *Jodoin, supra,* 672 F.2d at 238.

The phrase "other proceedings" plainly extends not only to a trial (which is listed as one of the items under paragraph (1)), but also to other kinds of proceedings. Thus, in the present case it may extend to some proceedings other than the trial on Count II. No reason appears for reading "other proceedings" so restrictively as necessarily to preclude *pretrial* proceedings regarding Count II. Has delay that is relevant to the statutory objective of speedy trial on Count I resulted from proceedings on motions directed only to Count II? I conclude that the answer is yes, at least in the distinctive circumstances of this case in which defendant's motion to sever was allowed, subject to an election by the government as to the count to be tried first. Necessarily implicit in the severance was an understanding that *trials* on the two separate counts would not

proceed simultaneously. It is reasonable, moreover, to interpret the motion and the order as based on an implicit premise that active attention of the court and the parties to Count I would be deferred at least when the trial on Count II was set to commence at an early date. It would be unreasonable to impose on the parties a responsibility for dividing their attention during this period between preparation for the trial that was about to commence and a second trial that was expected to occur later, on Count I. Also, it would be unreasonable and inconsistent with the purposes of the Speedy Trial Act and the Plan to construe them as declaring non-excludable the plainly reasonable period of time intervening in this case, between the election to proceed first on Count II and the trial of Count II, during which pretrial motions related to Count II were pending.

I conclude, also, that the fact that motions relating directly to Count II were pending at times when motions related to Count I were also pending is a relevant circumstance with respect to whether reasonably prompt hearings were provided on Count I motions. That is, I conclude that it is appropriate to take into account, as part of the circumstances bearing on whether hearings were held consistently with the objective of prompt disposition (see part V–C *infra*), the fact that motions relating to Count II were also pending.

### C. Time Between Filing and Hearing Motions

Defendant contends that, by reason of the terms of the statute, no time between filing and hearing of a motion other than such as is consistent with "prompt disposition," 18 U.S.C. § 3161(h)(1)(F), is excludable.

The Plan declares excludable:

1. The following periods of delay shall be excluded . . . :
    (1) Any period of delay resulting from other proceedings concerning the defendant, including, but not limited to—
    \*    \*    \*    \*    \*    \*

(1) Any period of delay resulting from other proceedings concerning the defendant, including, but not limited to:
\*    \*    \*    \*    \*    \*

(F) Delay resulting from the hearing and disposition of a pretrial motion.

(i) The excludable period shall commence on the date on which a pretrial motion is filed.

(ii) The excludable period shall conclude on the date on which the Court has received all forthcoming briefs from the parties and any necessary hearing on the motion has been concluded.
\*    \*    \*    \*    \*    \*

(J) Delay resulting from proceedings concerning the defendant being under advisement.

(i) The excludable period shall commence on the date on which any proceeding concerning the defendant is actually taken under advisement.

(ii) The excludable period shall conclude on the date on which an order or ruling on the matter is entered, but in no event shall the excludable period exceed thirty days.

The Plan, § 5(b)(1), pp. 11, 14, 16–17.

If applied literally, § 5(b)(1)(F) would exclude all time between filing and conclusion of hearing on any pretrial motion, without regard for how long the period might be and even if hearing had been intentionally deferred to avoid pressures of the speedy trial requirement. Such an interpretation of the Plan would cause it to be in *noncompliance* both with the manifest objective of the Speedy Trial Act and with the text of 18 U.S.C. § 3161(h)(1)(F), referring to "prompt disposition."[1] I conclude that § 5(b)(1)(F) of the Plan is subject to a qualification, not stated explicitly anywhere in the text but plainly implicit in the sense of the entire Plan, that the period of excludable delay under this provision shall not

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; . . . .
18 U.S.C. § 3161(h).

be longer than is consistent with a reasonably prompt hearing. Section 5(b)(1)(J)(ii) places a fixed limitation of 30 days upon the period of excludable time for matters under advisement. It would be inappropriate to apply that fixed limitation in this context, neither the statute nor the Plan having so provided. Instead, a judge applying the limitation that the hearing must be reasonably prompt must consider all the circumstances bearing upon the determination, and may conclude that either a shorter or a longer period than 30 days is appropriate in the particular circumstances of the case under consideration.

In the present case, the period between 1/26 (when the first motion was filed) and 4/19 (when the second trial started, apparently with a pending motion for reconsideration of the magistrate's order regarding exculpatory evidence still unresolved) was 83 days. During that period, however, the court was giving active attention to the case in numerous ways. The longest period of time within which no court action is reflected in docket entries and orders was the period of eighteen days between 2/1/82 and 2/19/82, and within that period other significant developments occurred, including the filing of the government's responses to motions and the superseding indictment.

The earliest time as of which it might be argued that no pending motions were "pre-trial" motions (as construed in part V–A *supra*) *relating to Count I* is 3/12/82, when Chief Judge Caffrey ruled on the motion to dismiss. At that time, however, he ordered an election by the government, and the fact that this order would have the effect of delaying the trial of Count I did not become known until the government's election of 3/19/82. The first (aborted) jury selection for the trial on Count II commenced on April 5, just seventeen days later, and during that interval several motions relating to Count II were pending. They included a motion to dismiss Count II, filed 3/24 and denied on 4/5; defendant's motion to continue to 4/1, allowed on 3/26; and motion for exculpatory evidence, filed 3/30; a later motion for reconsideration of magistrate's order was filed 4/9 and apparently was not heard and decided before the second jury impanelling started on 4/19.

The pattern of activity of the case reflected in the chronology set forth in part I of this memorandum discloses continuing, reasonably prompt attention of the court to the case. It also shows delays resulting from the reasonable actions of counsel for the government and counsel for the defendant in advancing their respective contentions. New defense motions were filed on 2/26/82 (responses filed 3/5/82), 3/24/82, 3/30/82, and 4/9/82, and defendant presented an oral motion for continuance due to his medical condition on 3/12/82. Rather than a pattern of needless delay or inattention, this record discloses a pattern of repeated efforts to proceed promptly with trial despite delays caused by weather, by health of the defendant and of one of the government's attorneys, by the motions, orders, and election concerned with the relationship between Count I and Count II, and by the quite proper advocacy of both counsel in relation to numerous motions filed on behalf of the defendant. In these circumstances I find that at no time between 1/26/82 and 4/19/82 was the delay for hearing of motions long enough to invoke the implied limitation that excludable time shall not extend to a point at which a hearing would no longer be reasonably prompt. I therefore hold that all the time between 1/26 and 4/19 is excludable under § 5(b)(1)(F) of the Plan. Excludable time orders have previously been entered as to all this period except 3/30/82 through 4/18/82. During each day from 3/30/82 through 4/18/82 one or more of the following motions was pending: motion to dismiss Count II; motions regarding exculpatory evidence, and for reconsideration of magistrate's ruling on exculpatory evidence. I now direct the entry of an excludable-time order for this period under § 5(b)(1)(F).

## VI.

As stated in part IV, *supra,* the period from impanelling on 4/19 through verdict in the Count II trial on 5/21/82 is excludable under § 5(b)(1)(D) of the Plan.

The period from the date of the verdict, 5/21/82, through the date of sentencing, 7/14/82, presents several issues.

I conclude that at least the fourteen days following verdict are excludable under § 5(b)(1)(D)(i), declaring that the excludable period "shall conclude fourteen days after the termination of that trial." Were it not for this provision, a longer period might have been shown in particular circumstances to be a "delay resulting from other proceedings concerning the defendant," § 5(b)(1), p. 11 of the Plan, since that provision declares that such delays "includ[e], but [are] not limited to" those specified on pp. 11–17 of the Plan. Defendant argues that the Plan provision for this fourteen-day · exclusion is invalid because it varies from the statute. I find, however, that in the circumstances of this case an excludable period of fourteen days is entirely consistent with the statutory objective of reasonably prompt hearing (see part V–C, *supra*). I need not determine whether the Plan provision fixing a precise period of fourteen days could validly be applied in all cases.

No excludable-time order has previously been entered with respect to a part of this 14-day period (5/22–5/26), and the excludable-time order on another part (5/27–6/2) is grounded on the pending motion of counsel to withdraw, which provides a second reason for exclusion of that part of the fourteen days. I now direct entry of an excludable-time order covering the period 5/22 through 6/4/82, under § 5(b)(1)(D).

An additional reason may be advanced for excluding this fourteen-day period, as well as additional time after verdict and for at least fourteen days beyond sentencing on 7/14/82. It might be argued that "trial," as defined in § 5(b)(1)(D)(ii) is not concluded until all post-verdict motions have been decided, sentencing has occurred,[2] and judgment has been entered. In view of other rulings made, however, I need not determine this question. For this reason, in part II of this memorandum I have designated

the period from 6/5/82 through 7/13/82: "Disputable, not now decided." The issues presented regarding excludability of this period may be addressed at a later time if the need should arise because of additional non-excludable time between the present date and the date of trial on Count I.

It might also be argued that by reason of the aborted commencement of impanelling on 4/5–4/6/82, and the court's excusing the panel before the jury was sworn, with the consent of the parties, § 4(a)(2) of the Plan, pp. 4–5 is invoked.

> (A) If a defendant is to be tried again following the declaration by a trial judge of a mistrial or following the order of a trial judge for a new trial, the trial shall commence within seventy days after the date the declaration or order becomes final, subject to the periods of excludable delay enumerated in subsection 5(B).

*Id.* at p. 5. Even if this provision applies to extend the trial time on Count II, however, it may be argued that it does not do so for Count I. In view of other rulings, I need not decide this question to decide the present motion.

## VII.

■ The period from 7/14/82 (when the present motion to dismiss Count I was filed) through the present date is excludable because this motion was filed on 7/14/82 and hearing was not completed until 7/30/82, after which time it was under advisement through today. Additional reasons exist for excluding parts of this period—the interest-of-justice continuances allowed as to the periods 7/23/82 through 8/2/82 and 8/2/82 through 8/9/82.

## VIII.

After the oral hearing on this motion, I was advised by the Speedy Trial Clerk that an entry was made in the Clerk's computerized records that, under 18 U.S.C.

---

**2.** Defendant also argues that in no event should more than 45 days, *see* Plan, § 6, p. 29, be excludable between verdict and sentencing. In

view of other rulings, I need not decide this question.

§ 3161(h)(8)(B)(iv),[3] a period of excludable time commenced running on 6/2/82, when the motion of defendant's counsel to withdraw was allowed. Were it necessary for me to determine the effect, if any, of this entry, I would reopen the hearing to provide counsel an opportunity to present either oral or written argument, since it appears that they were not aware, at the time of oral hearing, of this entry on the clerk's computerized records. It seems clear that arguments made by defense counsel against excludability of other periods of continuance would apply here as well. His arguments are (1) that periods of continuance are not excludable unless interest-of-justice findings, in accordance with § 5(b)(8)(B), pp. 21–22 of the Plan, are made and "set forth on the record" at the time the continuance is allowed, and (2) that, even if the excludable time order and supporting findings may be made later, they must be made by the judge who allowed the continuance and cannot be made by another judge before whom the motion to dismiss for failure to provide a speedy trial is pending. In view of other rulings stated in this memorandum, I need not decide these questions.

Nor do I need to determine whether defendant is correct in arguing that the excludable period because of allowance of a motion for continuance, though it is filed and allowed well in advance of the date set for the trial or hearing that is continued, cannot commence to run before the date previously set for the trial or hearing.

### IX.

■ Finally, defendant argues that the court should dismiss under Fed.R.Crim.P. 48(b) because the Plan, the statute, or both are unconstitutional as applied to this case and because, even if the statute and Plan are constitutional as applied to this case, the Plan is consistent with the statute as applied to this case, and non-excludable time has not exceeded 70 days, nevertheless this court should exercise discretion to dismiss the indictment under Fed.R.Crim.P. 48(b) on the ground that the defendant has sufficiently shown a want of prosecution on the part of the government. I find instead that the government's actions have manifested neither lack of attention and interest in the prosecution of Count I nor failure to seek a reasonably prompt disposition of Count I. The chronology set forth in part I of this memorandum discloses that the government was seeking to advance the disposition of the entire case, though without pressing to require that the defendant be put to trial on Count I while Count II was in trial and subject to post-verdict motions relating to Count II. Taking into account the special circumstances of this case, in which a motion of counsel to withdraw was filed shortly after verdict and allowed a few days later, and defendant has been without counsel since that time except for the limited appearance of counsel, with leave of court, solely to represent the defendant on this motion to dismiss, I cannot find justification, in the exercise of discretion, for dismissing under Rule 48(b).

As to defendant's contention that the government's motive was to delay trial of Count I so the final judgment of conviction could be introduced for impeachment if de-

---

3. "(h) The following periods of delay shall be excluded . . .

(8)(A) Any period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

\* \* \* \* \* \*

(iv) Whether the failure to grant such a continuance . . . would deny the defendant reasonable time to obtain counsel . . . .

18 U.S.C. § 3161. *See also* § 5(b)(8) of the Plan, at pp. 21–22.

fendant testifies at the trial on Count I, I do not find the suggestion supported in fact. In any event, a dismissal would be an inappropriately excessive remedy. The defendant will be free to argue before the court in the trial on Count I that such use of the conviction on Count I should be precluded, on this or any other ground. I do not determine the admissibility of the conviction. My ruling at this time is merely that I reject defendant's argument that the court should exercise discretion under Rule 48(b) to dismiss. The possibility that the conviction on Count II will be received in evidence at the trial on Count I is at this time speculative, and the court at trial may consider whether it should preclude such use of the conviction.

Orders are to be entered forthwith in conformity with the rulings stated in this memorandum.