**UNITED STATES of America**

v.

**Donald Burton SMITH.**

**Crim. No. Y–82–00434.**

United States District Court,
D. Maryland.

May 6, 1983.

---

Catherine C. Blake and Ellen L. Hollander, Asst. U.S. Attys., Baltimore, Md., for plaintiff.

Domenic R. Iamele, Baltimore, Md., for defendant.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

A jury has convicted the defendant in the above numbered action of armed bank robbery and various lesser included offenses in violation of 18 U.S.C. § 2113(a), (b), (d). Before trial, the defendant moved *pro se* to dismiss the charges pending against him, and the Court denied the defendant's motion in open court after an evidentiary hearing on the morning of trial. While most of defendant's contentions related to the conditions of his confinement and hence did not bear on the current criminal proceeding,[1] defendant also raised certain is-

---

1. The Court denied those claims without prejudice to any appropriate civil action defendant may subsequently choose to bring. *See* 28 U.S.C. § 1331; *Bivens v. Six Unknown Named*

sues under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, which merit some elaboration by the Court.[2]

Defendant was arrested and taken before a magistrate on August 31, 1982, indicted on September 28, 1982, and arraigned on October 8, 1982. Judge Howard initially presided over the case. Due to overcrowding at the Baltimore City Jail, the authorities holding defendant before trial moved him several times to penal institutions in both rural Maryland and New York City. Having consequent difficulty in meeting with defendant, the Court appointed counsel filed several defense motions without defendant's knowledge on October 26, 1982. These motions included a motion to suppress, a motion for severance, and a motion for an ophthamalogical examination.[3] The government responded to these motions on November 10, 1982, and counsel, in a pretrial conference with Judge Howard on November 24, 1982, agreed that the severance and ophthamalogical motions had become moot. Counsel also at that time agreed to resolve the suppression motion immediately before the trial then scheduled for December 6, 1982.

Defense counsel moved orally at the November 24, 1982 pretrial conference for an order permanently transferring defendant to the Baltimore City Jail. Judge Howard granted this motion on November 26, 1982.

After certain *ex parte* contacts with defendant on December 3, 1982, Judge How-

ard recused himself from further participation in the case.[4] The Court accepted reassignment of the case, and held its own pretrial conference with counsel on December 13, 1982. At that time, counsel agreed on a new trial date of January 10, 1983, with the still pending motion to suppress to be heard on the morning of trial. However, an extremely congested docket forced the delay of trial until February 22, 1983,[5] and defendant's suppression motion was not actually resolved until that date. Understandably confused about the delays which had occurred in his case, defendant filed his *pro se* motion to dismiss based on Speedy Trial grounds on January 31, 1983. The government did not file a written response to this motion and, as mentioned earlier, the Court denied it after hearing evidence on the morning of trial.

■ The Speedy Trial Act entitles a criminal defendant to dismissal of the charges pending against him if he is not brought to trial within 70 days of the date of his initial appearance or indictment. 18 U.S.C. §§ 3161(c), 3162. In computing the running of this 70 day limit, a court should exclude certain periods of time enumerated in 18 U.S.C. § 3161(h). The "automatic exclusions" most relevant to the present case are §§ 3161(h)(1)(F), (J):

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to . . .

---

*Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

**2.** Defendant also submitted *pro se* a "Writ of Certiorari" to the Chief Judge of this District shortly before his March 28, 1983 sentencing. This "Writ" essentially renewed the issues raised in his earlier motion to dismiss. Even if liberally construed as a Motion for Arrest of Judgment, Fed.R.Crim.P. 34, defendant's submission did not meet the strict seven day filing deadline required for such motions. However, should defendant's recent submission be construed as an appropriate and timely post trial motion, this Opinion will serve as an alternative basis for its denial.

**3.** Defendant objected to these motions when his attorney subsequently informed him of their potential for tolling the running of the Speedy

Trial Act. However, defendant at no time attempted to withdraw the motions.

**4.** The *ex parte* contacts were made on the record and with the prior consent of defense counsel and the government. To avoid any possible prejudice and need for further recusals, the Court has not read any segment of the December 3, 1982 transcript.

**5.** During the period between January 10, 1983 and February 22, 1983, the Court presided over a major asbestos trial, a cocaine conspiracy prosecution, a federal assault case, and two diversity matters. A major factor in this congestion was the Court's handling of the "routine" criminal cases for the District of Maryland in December, 1982.

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion ...

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court ...

As the Second Circuit has recently stated, "Congress intended that the time between making the motion and finally submitting it to the court for decision be governed by (F), and that the time during which the court has the motion 'actually under advisement' be governed by (J)." *United States v. Cobb,* 697 F.2d 38, 43 (2nd Cir.1982) (citing *United States v. Bufalino,* 683 F.2d 639 (2nd Cir.1982)).[6]

■ In construing subsection (F), the Circuits have split over whether the "promptness" requirement applies to motions requiring a hearing as well as to motions which can be resolved solely on the papers. While the Eleventh Circuit construes subsection (F) to exclude automatically all time elapsed between the filing of a motion and the conclusion of the hearing on that motion, *United States v. Stafford,* 697 F.2d 1368 (11th Cir.1983), the Second Circuit only excludes a period of time "reasonably necessary for processing the motion," *Cobb,* 697 F.2d at 44; *accord United States v. Hawker,* 552 F.Supp. 117, 124–25 (D.Mass.1982) (Keeton, J.).[7] The Court has carefully reviewed these authorities and believes that the construction adopted by the Eleventh Circuit would subvert the essential purpose of the Speedy Trial Act. Consequently, the Court follows the copiously annotated opinion of the Second Circuit in requiring that any period excluded under subsection (F) be "reasonably necessary for processing the motion."

In the present case, 147 days elapsed between defendant's September 28, 1982 indictment and February 22, 1983 trial. However, the Court finds 83 days of this total to be excludable under 18 U.S.C. § 3161(h). As only 64 days therefore ran under the Act, defendant was tried in a timely manner.[8] The specific excludable periods are:

■ (1) *October 26, 1982—November 10, 1982 (16 days).* The time period between the defendant's filing of the suppression, severance, and ophthamalogical motions and the government's written response to them certainly merits exclusion under § 3161(h)(1)(F). The time reasonably necessary to create an adversary record constitutes time when a motion is "pending" as that term is used in subsection (F). *See United States v. Bufalino,* 683 F.2d 639, 644–46 (2nd Cir.1982).

■ 2. *November 10, 1982—November 24, 1982 (14 days).* As the Second Circuit has indicated, the Administrative Office guidelines [8A] state that the "under advisement" period of subsection (J) for motions not requiring a hearing commences "the day following the date on which the Court has received everything it expects from the parties." *Bufalino,* 683 F.2d at 644. The severance and ophthamalogical motions did not require a hearing, and the Court deems Judge Howard to have taken them under

---

6. The Fourth Circuit has apparently not yet considered the interplay between subsections (F) and (J).

7. This issue has also not yet been presented to the Fourth Circuit.

8. While some of defendant's *pro se* filings mentioned his Sixth Amendment right to a speedy trial, counsel did not address the constitutional issue in their colloquies with the Court. The Court observes that the instant delay was not inordinately long by constitutional standards, and that defendant has established no prejudice to his defense arising from it. *See Barker v.*

*Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Ricon v. Garrison,* 517 F.2d 628 (4th Cir.1975).

8A. The Administrative Office of the United States Courts has issued guidelines to aid the courts in applying Trial Act. These guidelines were prepared in part by the Committee on the Administration of the Criminal Law of the Judicial Conference of the United States. "While these guidelines are not binding, the interpretation they espouse is persuasive." *Bufalino,* 683 F.2d at 644.

advisement on November 11. These motions were held moot on November 24, 1982, well within the thirty day limit imposed by subsection (J).

3. *November 25, 1982—November 26, 1982 (2 days).* Defense counsel moved orally at the November 24, 1982 pretrial conference to transfer defendant immediately from New York City to the Baltimore City Jail. Oral motions may toll the Act. *United States v. Jodoin,* 672 F.2d 232, 238 (1st Cir.1982). Judge Howard essentially took the matter under advisement at that point and promptly signed the formal order defense counsel subsequently presented to him on November 26, 1982. This two day advisement period certainly falls within the thirty day limit of subsection (J).

4. *December 13, 1982—January 10, 1983 (29 days).*[9] While it is not fair to defendant to toll the running of the statute for the entire delay occasioned by Judge Howard's recusal, some account must be made for the time necessary to set the suppression motion in for a hearing before the Court. The Court cannot be expected to schedule an instantaneous hearing upon transfer of a case. Counsel agreed at the December 13 pretrial conference to schedule the hearing immediately before the rescheduled trial date, and a separate hearing would have entailed marked inconvenience and anxiety for the government's three bank employee witnesses. With the Court handling the so called "routine" criminal cases of the District of Maryland for the month of December, 1982, the Court faced a tight docket of criminal as well as civil matters. The Court finds the 29 day delay to have been reasonably necessary for processing the suppression motion upon transfer from Judge Howard and excludes the period under subsection (F).

5. *January 31, 1983—February 22, 1983 (23 days).* Defendant should not be charged with any delay in the processing of the suppression motion resulting from the further postponement of his trial date after January 10, 1983. However, defendant created additional excludable time when he filed his own motion to dismiss on January 31, 1983.[10] The fact that defendant's motion was itself based on speedy trial grounds is of no import. *United States v. Bolden,* 700 F.2d 102 (2nd. Cir.1983); *Stafford,* 697 F.2d at 1372–73. As the hearing necessary to resolve this motion[11] was held with reasonable promptness at the commencement of trial, the time between the filing and hearing is properly excluded under subsection (F).

For the foregoing reasons, it is this 6th day of May, 1983, by the United States District Court for the District of Maryland, ORDERED:

1. That the "Order Excluding Time" of January 24, 1983 BE, and the same IS, hereby STRICKEN from the record;

2. That periods of delay from December 13, 1982 until January 10, 1983, and from January 31, 1983 until February 22, 1983, BE, and the same ARE, hereby EXCLUDED from this case pursuant to 18 U.S.C. § 3161(h) *nunc pro tunc* for purposes of defendant's motion to dismiss denied on February 22, 1983; and

3. That the Clerk forward a copy of this Memorandum and Order to the parties.

---

**9.** To the extent any Speedy Trial exclusion orders currently in the court file are inconsistent with the periods excluded in this Memorandum, they shall be specifically superceded by the current ruling. *Cf. Hawker,* 552 F.Supp. at 121 (*post hoc* exclusions permissible if relevant facts disclosed in record).

**10.** While the official court file lists defendant's *pro se* motion as "filed" on February 22, 1983, the Court received the motion in chambers on January 31, 1983. *Cf. Jodoin,* 672 F.2d at 238 (oral motion sufficient to toll Act).

**11.** The defendant subpoenaed some of his witnesses solely for the hearing on this motion.