UNITED STATES of America, Appellee,

v.

Mark A. MITCHELL, Defendant, Appellant.

No. 82–1930.

United States Court of Appeals, First Circuit.

Argued Oct. 3, 1983.

Decided Dec. 29, 1983.

Karnig Boyajian, Boston, Mass. by appointment of the Court, for defendant, appellant.

James F.X. Dinneen, Asst. U.S. Atty., Boston, Mass. with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN and BOWNES, Circuit Judges, and SMITH,* Senior District Judge.

BOWNES, Circuit Judge.

This is an appeal from a conviction, following a jury-waived trial, of a conspiracy under 18 U.S.C. § 371 to possess stolen mail, 18 U.S.C. § 1708, to forge and utter forged documents, 18 U.S.C. § 495, and to illegally possess food stamps, 7 U.S.C. § 2024(b). The issues before us all stem from defendant's claim that he was denied his statutory and constitutional right to a speedy trial. In addition to alleging violations of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 (1974) (amended 1979), defendant also claims that his fifth amendment right to due process of law and sixth amendment right to a speedy trial were infringed, and that the indictment should have been dismissed pursuant to Federal Rule of Criminal Procedure 48(b).

## I. THE SPEEDY TRIAL ACT ISSUES

A. *The Ex Parte Granting of the Government's Motion to Extend the Time for Filing the Indictment*

18 U.S.C. § 3161(b) provides in pertinent part: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

Defendant was arrested on February 5, 1982, pursuant to a complaint dated February 4, and held in custody until February 12, when he was released on bail. The indictment, therefore, should have been filed within thirty days of February 5. Failure to file within the thirty-day period requires that the complaint shall be dropped or otherwise dismissed unless the time limit under section 3161(b) has been extended by section 3161(h). The time limit was extended to March 25; it is the manner in which the extension was granted that is the nub of this issue.

On March 1, 1982, the government filed a motion to extend the time for filing the indictment from March 8[1] to March 25. Notice of this motion was not given to defense counsel. The motion was granted *ex parte* on March 3, 1982. Defense counsel was not notified of this either. On March

---

* Of the District of Montana, sitting by designation.

1. See Fed.R.Crim.P. 45(a) for method of computation.

11, defense counsel filed an objection to the extension motion not knowing that it had already been granted.[2] On March 25, an indictment was issued against defendant and six others. Two of the others were named as Jane and John Doe.

We now turn to section 3161(h)(8)(A) which excludes from the Speedy Trial Act's time requirements a period of delay within which an indictment must be filed:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

Section 3161(h)(8)(B) lists the factors, which the judge shall consider, among others, in determining whether to grant a continuance under (A). Pertinent here is (B)(iii) which provides:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

The reasons given by the government for seeking an extension of the indictment fil-ing date were stated in its motion as follows:

> The Government has obtained records and documents of the food stamp program and has sent these documents to Washington, D.C. for laboratory analysis which will be necessary to determine the extent and nature of the participation in this scheme of each of the defendants.
>
> Because of the volume of this material the requested analysis has not yet been completed.
>
> In view of the fact that the analysis referred to above is necessary to determine the extent of the conspiracy, evidence of which will be presented to the Grand Jury, and for the other reasons stated above, it is requested that the time for filing an indictment in this matter be extended until March 25, 1982.

In granting the motion, the court stated:

> Allowed. The ends of justice served by the granting of the requested continuance outweigh the best interests of the public and the defendant in a speedy trial because the facts upon which the grand jury must base its determination are unusual because of the volume of papers which must be submitted to analysis. 18 U.S.C. § 3161(h)(8)(A) and (B)(iii).

■ We first note that there is nothing in section 3161(h)(8)(A) requiring that a hearing must be held before a motion for continuance is granted. Indeed, the provision that a continuance may be granted "by any judge on his own motion" suggests that a hearing is not required. Although most cases involving section 3161(h)(8)(A) indicate that a hearing had been held, we have found none holding that one is necessary. In *United States v. Edwards,* 627 F.2d 460, 467 (D.C.Cir.), *cert. denied,* 449 U.S. 872, 101 S.Ct. 211, 66 L.Ed.2d 92 (1980), a *sua sponte* granting of a continuance by the court after it was informed that counsel for one of the codefendants was ill and that the prosecution had a conflicting trial schedule was

---

**2.** There is no indication in the record or appellant's brief as to how and when defense counsel learned of the motion to extend the time for filing the indictment. Defense counsel stated in an affidavit dated August 3, 1982, attached to a motion to dismiss the indictment, that he first learned of the *ex parte* granting of the motion on August 2.

upheld, even though the reasons for the continuance were not articulated by the court until later. We hold that the *ex parte* action of the district judge was not a violation of the Speedy Trial Act. There may be times, as here, when the reasons for granting the continuance are so clear that no hearing is necessary. Under such circumstances, the court would be furthering the purposes of the Speedy Trial Act by eliminating the delay, excludable under section 3161(h)(1)(F),[3] inherent in the time required for notice and hearing. We caution, however, that *ex parte* action should be the exception, not the rule. The granting of a continuance under (h)(8)(A) is not to be done lightly or routinely. We agree with the Ninth Circuit that "the discretion granted to the trial court to invoke the ends of justice exception is narrow." *United States v. Perez-Reveles,* 715 F.2d 1348, 1351 (9th Cir.1983). Although we find no abuse of discretion in this instance, *United States v. Hope,* 714 F.2d 1084, 1086 (11th Cir.1983); *United States v. Jodoin,* 672 F.2d 232, 238 (1st Cir.1982), *ex parte* actions under (h)(8)(A) are red flag signals to an appellate court.

■ We emphatically reject the argument of the government that section 5(c)(1)(B) of the Massachusetts Plan for Prompt Disposition of Criminal Cases "specifically authorizes *ex parte* consideration of preindictment motions for additional time to file indictments." Supplemental Memorandum of Government. The pertinent part of the rule states: "In appropriate circumstances, the motion may include a request that some or all of the supporting material be considered *ex parte* and *in camera.*" This is not a license to handle preindictment motions by the government *ex parte* and if it has been so interpreted, it is hereby revoked.

■ We turn next to the question whether the district judge met the requirements of (h)(8)(A) and (B) in ruling on the motion to extend the time for filing the indictment.

Where the motion sets forth the basic facts, and they are obvious, it is not necessary for the court to articulate them. *United States v. Guerrero,* 667 F.2d 862, 866–67 (10th Cir. 1981), *cert. denied,* 456 U.S. 964, 102 S.Ct. 2044, 72 L.Ed.2d 490 (1982). By tracking the language of the statute, the judge here demonstrated that he was aware of what requirements had to be met before a continuance could be granted. The facts meeting those requirements were set forth clearly in the motion. Reading the motion and the judge's rulings as complementary documents, we have no difficulty finding that the provisions of (h)(8)(A) and (B) were satisfied. The only reasons defendant gives for finding the continuance invalid are that he was entitled to a speedy trial and that section 3161(b) mandated that the indictment be returned within thirty days of his arrest. He does not challenge the reasons given by the government for requesting an extension of the indictment period except to argue that the government should not have arrested him when they did if the evidence was not sufficient for an indictment. These contentions restate some of the policies underlying the Speedy Trial Act, but the Congress also recognized that the time limit requirements of the Act must be flexible enough to accommodate the practicalities of our adversary system. The excludable time provisions of (h) do this.

Defendant's rights under the Speedy Trial Act were not violated by allowing the government an additional period of seventeen days in which to file the indictment. This period of delay was properly excluded from the time requirements of section 3161(b).

### B. The Superseding Indictment

■ On May 13, 1982, a superseding indictment was brought. The only change from the original was to state the actual names of the two codefendants listed in the first indictment. Defendant claims that the superseding indictment should be dis-

---

**3.** 18 U.S.C. § 3161(h)(1)(F) renders excludable: "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]"

missed because it did not meet the thirty-day-from-arrest filing requirement of section 3161(b). If the superseding indictment in some way changed the original charges or if it were used for the starting time of the seventy-day indictment-to-trial requirements of section 3161(c)(1),[4] we could understand the basis for defendant's argument. But neither of these reasons can be asserted. Except for the change in names, the charges in both indictments are the same and it is conceded by the government that it is the date of the original indictment, not the superseding one, that starts the seventy-day trial clock. Under these circumstances, we do not think that the bare words of the statute are grounds for dismissal. *See United States v. McCown,* 711 F.2d 1441, 1446–48 (9th Cir.1983).

### C. *The Delay Between Indictment and Trial*

The indictment was filed on March 25, 1982. Starting April 12 and continuing through May 3, various pretrial motions were filed by the different defendants. On May 26, the magistrate decided all pretrial motions[5] except three. Defendant's motion of April 21 to dismiss the indictment on the ground that the government failed to provide him with automatic discovery and his motion of May 3 to suppress were marked "reserved for the trial court." Codefendant Clark's motion to suppress was also so marked.

On June 29 a pretrial conference was held and the case was scheduled for trial on July 12. On July 12 all defendants except appellant and Clark pleaded guilty. A motion hearing for appellant and Clark was scheduled for July 13. No hearing was held because Clark was unavailable and defendant's counsel had another trial commitment.

The motion hearing was rescheduled for August 5.

On August 3 defendant filed a motion to dismiss the indictment based upon the government's failure to try him within seventy days of the filing of the indictment as required by section 3161(c)(1) of the Speedy Trial Act.

On August 5 defendant's motions to dismiss and suppress were denied after a hearing. Counsel for codefendant was not present at the hearing because of another trial commitment. The district court stated that it would like to try the case the following week, but could not do so because Clark's attorney was engaged in another trial. The court then quoted section 3161(h)(7) of the Speedy Trial Act, which excludes from its time requirements "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." The court then suggested that defense counsel consider a motion for severance. Although noting that separate trials would be a duplication of effort, the prosecutor stated, "I suppose it could be done." He did not say that he would oppose a motion to sever. No motion for severance on behalf of defendant was made then, or at any time.

On August 9 an order issued postponing the date of the trial because Clark's attorney was not available. On September 28 trial was scheduled for November 3, a date that could be met by both defense counsel.

On November 3 Clark changed her plea to guilty. Defendant filed another motion to dismiss the indictment claiming that the delay between the August 5 hearing and the start of the trial on November 3 violat-

---

**4.** 18 U.S.C. § 3161(c)(1) provides in pertinent part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which

such charge is pending, whichever date last occurs.

**5.** The motions decided were: for statements of defendants; for statements of coconspirators; for discovery and inspection; to preserve government notes; for exculpatory evidence; and for information regarding prior and subsequent bad acts of coconspirators.

ed the Speedy Trial Act. After a hearing on November 3, the motion was denied the next day.

On November 8 defendant was found guilty after a jury-waived trial.

The Act specifically provides that in computing the time in which a trial must commence there shall be excluded "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." § 3161(h)(1)(F). The problem with this language is that it contains no time limits for hearing pretrial motions and acting on them. The reference to "other prompt disposition" is hortatory only. If pretrial motions are not heard and ruled on promptly, the whole purpose of the Act could be thwarted. The Congress recognized that "if basic standards for prompt consideration of pretrial motions are not developed, this provision could become a loophole which could undermine the whole Act." A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974* 115 (Federal Judicial Center 1980) (quoting 1979 Senate Committee Report 33–34).

To understand the nature of the problem, we must go back to the predecessor provision which was part of the 1974 Speedy Trial Act. The 1974 pretrial motion exclusion was for "delay resulting from hearings on pretrial motions." The legislative intent in revising the pretrial motion provision in 1979 is clear:

> The provision of existing law relating to exclusion of periods of delay "resulting from hearings on pretrial motions" is revised to avoid an unduly restrictive interpretation of the exclusion as extending only to the actual time consumed in a pretrial hearing. The committee approves the expansion of this exclusion to "delay resulting from any pretrial motion, from the filing of the motion, through the conclusion of the hearing on, or other prompt disposition of, such motion" with the intention that potentially excessive and abusive use of this exclusion be precluded by district or circuit

guidelines, rules, or procedures relating to motions practice.

H.R.Rep. No. 96–390, 96th Cong., 1st Sess. (1979), *reprinted in* 1979 U.S.Code Cong. & Admin.News 805, 814.

The Massachusetts District Court Plan for the prompt disposition of criminal cases provides:

> (F) Delay resulting from the hearing and disposition of a pretrial motion.
>
> (i) The excludable period shall commence on the date on which a pretrial motion is filed.
>
> (ii) The excludable period shall conclude on the date on which the Court has received all forthcoming briefs from the parties and any necessary hearing on the motion has been concluded.

Massachusetts Plan § 5(b)(F)(i) and (ii) at 14. This fills in one gap in the Act: it restarts the Speedy Trial clock after briefs have been received from the parties and any hearing has been concluded. But it does not close the other loophole in the Act: the delay between the filing of a pretrial motion and taking it under advisement. As pointed out by Judge Keeton of the Massachusetts District Court, the exclusion in the Massachusetts Plan, as well as the Act, of all time between the filing of pretrial motions and their disposition would allow a district court judge to intentionally defer hearings on motions to avoid the time pressures of the Act. *United States v. Hawker,* 552 F.Supp. 117, 124 (D.Mass.1982).

■ Defendant makes two contentions, that the motions reserved for the trial court were not pretrial motions and that a thirty-day limit of excludable time should be imposed on the delay between the filing of a pretrial motion and its disposition. There is little merit in defendant's position that the motions to suppress lost their pretrial character because the magistrate reserved them for hearing by the court. Federal Rule of Criminal Procedure 12(b)(3) specifically defines motions to suppress evidence as pretrial motions. We must assume that Congress was aware of this rule when the Act was drafted. *See United States v. Cobb,* 697 F.2d 38, 42 (2d Cir.1982). In *United*

*States v. Mers,* 701 F.2d 1321, 1335–37 (11th Cir.1983), the court held that the thirty-day excludable delay period for a proceeding under advisement, section 3161(h)(1)(J), applies separately to the magistrate and trial judge, permitting two thirty-day periods for consideration of the same matter. Here, the motions to suppress were not considered or acted upon by the magistrate.

In urging a thirty-day limitation for hearing pretrial motions, defendant would have us engraft the thirty-day limit of section 3161(h)(1)(J) onto section 3161(h)(1)(F). The delay excludable under (J) is "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." Although we have found several cases holding that the thirty-day limit of (J) is applicable to pretrial motions taken under advisement,[6] we have found none applying it to the period between filing and hearing. We agree with Judge Keeton that it would be inappropriate to apply the fixed thirty-day (J) limitation to (F), neither the Act nor the Massachusetts Plan having so provided. *United States v. Hawker,* 552 F.Supp. at 125. But we recognize, as did the Congress, that an open-ended time period for hearing pretrial motions could defeat the intent and purpose of the Act.

Congress recognized that "without basic standards for prompt consideration of pretrial motions," the liberalized exclusion under the 1979 amendments to subsection (F) "could become a loophole which could undermine the whole act." S.Rep. No. 96–212, 96th Cong., 1st Sess. 33–34 (1979). Instead of imposing rules on the courts to limit such abuse, Congress encouraged the courts to use their local rules "to set uniform standards for motion practice." *Id.* However, Congress did not leave the courts unaware of the specific abuse about which it was concerned. The Senate Committee reported that local court rules should guide the courts in fixing both a starting date and an ending date for the period of exclusion. The Committee specifically noted that it did not "intend that additional time be made eligible for exclusion by *postponing the hearing date ... of the motions beyond what is reasonably necessary.*" *Id.* (emphasis added).

*United States v. Novak,* 715 F.2d 810, 819 (3d Cir.1983) (footnote omitted).

We follow the lead of the Second and Third Circuits as well as Judge Keeton and hold that section 3161(h)(1)(F) of the Act permits only such delay as is reasonably necessary from the time of filing a pretrial motion to the time of concluding a hearing on it or completing submission of the matter to the court for decision. *United States v. Novak,* 715 F.2d at 820; *United States v. Cobb,* 697 F.2d at 44; *United States v. Hawker,* 552 F.Supp. at 124–25.

In order to make this "reasonably necessary" time rule susceptible of meaningful appellate review, we invoke our supervisory power to direct that henceforth district courts make specific and reasonably contemporaneous statements of the reasons for any extended exclusions of time between filing and hearing or submission of pretrial motions. We realize, of course, that most motions will expeditiously follow the nor-

---

**6.** We agree with those circuits holding that the thirty-day limit of (J) applies to pretrial motions taken under advisement. *See United States v. Stafford,* 697 F.2d 1368, 1373–74 (11th Cir.1983); *United States v. Bufalino,* 683 F.2d 639, 642–45 (2d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 727, 74 L.Ed.2d 952 (1982); *United States v. Raineri,* 670 F.2d 702, 708 (7th Cir.), *cert. denied,* 459 U.S. 1035, 103 S.Ct. 446, 74 L.Ed.2d 601 (1982). This, however, is not a problem here. The Massachusetts Plan provides that the excludable period of delay concludes when the court takes the pretrial motion under advisement. Massachusetts Plan § 5(b)(F)(ii). The Plan also provides that excludable delay resulting from proceedings under advisement shall "conclude on the date on which an order or ruling on the matter is entered, but in no event shall the excludable period exceed thirty days." Massachusetts Plan § 5(b)(J)(ii). We need not decide now which provision of the Plan controls the excludable time for deciding pretrial motions. It is clear that there is, at the most, no more than a thirty-day period of excludable time for disposition of such motions under the Massachusetts Plan.

mal course and automatically qualify for (F)'s exclusion without the need for explanation. *See United States v. Cobb,* 697 F.2d at 46 n. 8. We think the "reasonably necessary" time rule will give the district courts the flexibility required to handle pretrial motions in complex and multidefendant cases and still maintain the objectives and intent of the Act.

■ We now apply this standard to the facts of this case. In determining what time was reasonably necessary, we take into consideration the fact that one of the pretrial motions was by a codefendant. Section 3161(h)(7) provides that there is excluded "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Several circuits hold flatly that an exclusion applicable to one defendant applies to all defendants. *United States v. Campbell,* 706 F.2d 1138, 1141 (11th Cir.1983); *United States v. Fogarty,* 692 F.2d 542, 546 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1434, 75 L.Ed.2d 792 (1983); *United States v. Edwards,* 627 F.2d at 461; *United States v. McGrath,* 613 F.2d 361, 366 (2d Cir.1979), *cert. denied,* 446 U.S. 967, 100 S.Ct. 2946, 64 L.Ed.2d 827 (1980). The Third Circuit holds that the (h)(7) exclusion is subject to a reasonableness limitation. *United States v. Novak,* 715 F.2d at 814–15. We need not resolve the conflict, if there is any, because the court, here, pointedly suggested that defendant move for a severance so as to escape the (h)(7) exclusion. Defendant failed to do so. We think this amounted to a waiver of any claim that the (h)(7) exclusion was not properly applied.

■ Applying the "reasonably necessary" time rule to the periods involved here, we find no violation of the Speedy Trial Act. The time between the filing of the original indictment, March 25, and the filing of the first pretrial motion, April 12, was eighteen days. This time counts.

The time between April 12 and May 26, the date on which the magistrate decided most of the pretrial motions, is forty-four days. This time does not count. It seems clear that the magistrate acted promptly in setting the motions for a hearing. There is nothing in the record to show when the magistrate took the pretrial motions under advisement, but if we use the last date of filing pretrial motions, May 3, as the advisement date then the thirty-day requirement of (J) of the Act was met.

We think the thirty-four days between May 26 and June 29, the date of the first pretrial conference by the district court, should be counted. There is nothing in the record to indicate why there was this delay. We see no reason why the pretrial conference could not have been scheduled sooner than it was.

The time between June 29 and the start of the trial on November 3 was 127 days. This time does not count. The record speaks for itself: the delays were due to change of pleas and the explained absence of one defense counsel or the other. The outstanding pretrial motions were decided promptly. This delay was excludable under either the "reasonably necessary" time standard of (h)(1)(F) or the codefendant exclusion of (h)(7), or both.

The total time from the filing of the indictment to trial was 223 days. The excludable time was 171 days, leaving a total of 52 speedy trial days from indictment to trial, which meets the seventy-day requirement of section 3161(c)(1).

## II. THE CONSTITUTIONAL ISSUES

### A. *Due Process*

■ Defendant claims that his fifth amendment right to procedural due process was violated by the *ex parte* granting of an extension of time for filing the indictment. If we make the doubtful assumption that had a hearing been held the government's motion for a continuance would have been denied, there was a seventeen-day delay from arrest to indictment. Defendant met the bail conditions seven days after his arrest. The only prejudice defendant asserts is the disruption in his life caused by the arrest and the unresolved criminal charges hanging over his head. We do not think that this rises to the level of a fifth amendment due process violation.

Defendant also claims that the *ex parte* grant of the government's motion violated Rule 12 of the Local Rules for the District Court of Massachusetts.[7] The rule definitely implies that notice of all motions should be given to the opposing party, but the determination of whether there should be a hearing is made by the court. Local Rule 12(e). We assume that the failure of the district court to follow its own rules was inadvertent and is not customary practice. The error that was made, however, was harmless, no prejudice having been shown by defendant.

The same reasoning applies to defendant's claim of a violation of Federal Rule of Criminal Procedure 49(c).[8] Defendant has not shown any prejudice from the failure to follow the rule. The notes of the Advisory Committee on Rules state, *inter alia,* "[n]o consequence attaches to the failure of the clerk to give the prescribed notice . . . ." We certainly are not going to set aside a conviction on the basis of such an error.

### B. *The Sixth Amendment Speedy Trial Claim*

It is the defendant's claim that his sixth amendment right to a speedy trial has been violated under the test established in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

The Act is not intended to "bar any claim of denial of speedy trial as required by amendment VI of the Constitution." 18 U.S.C. § 3173 (1974). It would be, however, "an unusual case in which the time limits of the Speedy Trial Act have been met but the sixth amendment right to speedy trial has been violated." *United States v. Nance,* 666 F.2d 353, 360 (9th Cir.), *cert. denied,* 456 U.S. 918, 102 S.Ct. 1776, 72 L.Ed.2d 179 (1982).

*Barker* requires the consideration of four factors in determining whether the sixth amendment right to a speedy trial has been violated: "Length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo,* 407 U.S. at 530, 92 S.Ct. at 2192.

Defendant did properly assert his sixth amendment right to a speedy trial. The first two prongs of the *Barker* test were adequately explored in our discussion of the alleged Speedy Trial violations. The only prejudice alleged by the defendant was his inability to carry out "his activities free from the anxiety which is a concomitant part of being a defendant in a criminal procedure." (quoting *United States v. Judge,* 425 F.Supp. 499, 505 (D.Mass.1976)). Although this type of prejudice is not to be

---

7. The pertinent provisions of Rule 12 provide:
   (c) **Request for hearing.**
   (1) Any party making or opposing a motion who believes that oral argument may be of assistance to the court and wishes to be heard orally shall include a request for oral argument in the motion or opposition to the motion. A party making a motion may also request oral argument in a separate paper filed within 2 days after receipt of the opposition to the motion.
   (2) A request for oral argument shall state the amount of time which the party believes will be necessary for both parties to be heard. The request may also include a brief statement of the reasons why the party believes that oral argument is desirable.
   (d) **Decision of motion without hearing.** Motions which are not set down for hearing as provided in section (e), will be decided on the papers submitted, after an opposition to the motion has been filed (and, if the moving party has made no request for oral argument, after the time for making such a request separately has elapsed) or, if no opposition is filed, after the time for filing an opposition has elapsed.
   (e) **Hearing.** If the court concludes that a hearing on a motion is required or, on the basis of a request for a hearing or otherwise, that there should be a hearing on a motion, the motion will be set down for hearing at such time as the court determines.

8. Fed.R.Crim.P. 49(c) provides:
   **Notice of Orders.** Immediately upon the entry of an order made on a written motion subsequent to arraignment the clerk shall mail to each party a notice thereof and shall make a note in the docket of the mailing. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by Rule 4(b) of the Federal Rules of Appellate Procedure.

brushed off lightly, we cannot find, under the circumstances of this case, that defendant's sixth amendment right to a speedy trial was violated. Delay here was both reasonable and necessary. And, as we have already pointed out, a large part of the delay might have been avoided by the defendant if he had moved for a severance as suggested by the court.

Defendant's final contention is that the district court should have dismissed the indictment under Federal Rule of Criminal Procedure 48(b).[9]

Rule 48(b) "is a restatement of the inherent power of the court to dismiss a case for want of prosecution." Advisory Committee Note. The invocation of the rule is within the discretion of the district court and it will be reversed only for abuse of discretion. *United States v. Pilla,* 550 F.2d 1085, 1093 (8th Cir.), *cert. denied,* 432 U.S. 907, 97 S.Ct. 2954, 53 L.Ed.2d 1080 (1977). We find no abuse of discretion in the district court's refusal to dismiss the indictment pursuant to Rule 48(b).

*Affirmed.*

---

**9.** Fed.R.Crim.P. 48(b) provides:

**By Court.** If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.