UNITED STATES of America, Appellee,

v.

Charles E. BROWN, Defendant, Appellant.

No. 83–1876.

United States Court of Appeals, First Circuit.

Argued April 3, 1984.

Decided June 7, 1984.

Owen S. Walker, Boston, Mass., for defendant, appellant.

E. Sydney Hanlon, Asst. U.S. Atty., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN and BREYER, Circuit Judges, and BONSAL,* Senior District Judge.

COFFIN, Circuit Judge.

Charles Brown appeals from his conviction for possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and for conspiracy to commit the above offense, 21 U.S.C. § 846. Brown claims that the district court's delay in disposing of several pretrial motions was not "reasonably necessary" and therefore violated the Speedy Trial Act, 18 U.S.C. § 3161–3174, as construed by this court in *United States v. Mitchell*, 723 F.2d 1040 (1st Cir.1983).

Brown and others were arrested on February 2, 1983, and first appeared before a magistrate the next day. On February 9, the grand jury returned an indictment, thus starting the 70-day speedy trial clock. 18 U.S.C. § 3161(c)(1). Four non-excludable

days elapsed before the defendants' arraignment on February 14. That day is excludable as a "proceeding[ ] concerning the defendant". 18 U.S.C. § 3161(h)(1); *see United States v. Novak*, 715 F.2d 810, 813 n. 5 (3d Cir.1983) (citing cases). Three more non-excludable days passed before February 18, when the magistrate held a hearing on codefendant Ernest Middleton's motion for reconsideration of bail. That day is also excludable. 18 U.S.C. § 3161(h)(1) & (7). Four additional non-excludable days passed between February 18 and February 23, on which date Brown filed a motion for reconsideration of the magistrate's bail order. Thus, eleven (four plus three plus four) non-excludable days passed between February 9 and February 23. The district court denied Brown's bail motion on February 28. The next day, March 1, Brown and another defendant filed several motions, beginning a lengthy period of excludable delay under the Act. 18 U.S.C. § 3161(h)(1)(F). Brown contends that not all of the ensuing delay—from the filing of these motions on March 1 to the district court's denial of Brown's motion to dismiss under the Act on October 21—properly constituted excludable time. Brown focuses on three unresolved and unheard motions filed by co-defendant Middleton: a motion to suppress statements, filed on March 2; a motion for individual voir dire, filed on March 2; and a motion to suppress statements and physical evidence, filed on March 31.

The parties agree that the period from March 1 to approximately the end of May was properly excludable because of the pendency of other pretrial motions.[1] The parties further agree that the period from July 14 to July 28 (15 days) is excludable

---

* Of the Southern District of New York, sitting by designation.

1. The parties do not agree on exactly when this indisputably excludable period ended. Brown contends that it ended May 27—30 days after the court held a hearing on two codefendants' severance motions. 18 U.S.C. § 3161(h)(1)(J). Relying on prevailing case law, the government contends that the 30-day "under advisement" period of § 3161(h)(1)(J) ended June 3—30 days

after the court received post-hearing memoranda, filed by the government on May 4. However, the government did not object to the district court order that excluded the period from April 28 to May 27. Under the district court's Plan for Prompt Disposition of Criminal Cases § 5(f)(6)(B) & D (final plan) (effective July 1, 1980), the government is therefore bound by the district court's unchallenged computation.

because of the pendency of codefendants' motions concerning conditions of release. The district court had not decided or held a hearing on Middleton's motions as of September 14, when Brown filed his first motion to dismiss on speedy trial grounds, or as of October 21, when Brown filed a second speedy trial motion and the district court denied both of Brown's motions.

On May 27, the end of the "under advisement" period for the codefendants' severance motions, 11 days had ticked off the speedy trial clock. Excluding 15 days from the period between May 27 and September 14, on which date Brown filed his first speedy trial motion, leaves a delay of 94 days.[2]

■ In *United States v. Mitchell*, 723 F.2d at 1047, we held that 18 U.S.C. § 3161(h)(1)(F) "permits only such delay as is *reasonably necessary* from the time of filing a pretrial motion to the time of concluding a hearing on it or completing submission of the matter to the court for decision" (emphasis added). This appeal hinges on a determination of how much of the 94-day delay was "reasonably necessary" for holding a hearing or disposing of Middleton's motions to suppress. If 60 or more days[3] of the 94-day delay were improperly excluded from Brown's speedy trial clock, then his clock should have ticked past 70 days and Brown's indictment would have to be dismissed (with or without prejudice). 18 U.S.C. § 3162(a)(2).

■ Before reaching this central issue, we must address two arguments of statutory construction that Brown has presented for reducing the amount of time properly excludable from his speedy trial clock. First, Brown asserts that even if we were to find that the delay was "reasonably necessary" to process Middleton's motions, such delay may nonetheless not be reasonable as applied to Brown. Section 3161(h)(7) of the Act, 18 U.S.C. § 3161(h)(7),

requires the exclusion of "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted". Many courts have held that "under this provision, and until severance is granted, 'an exclusion applicable to one defendant applies to all codefendants'". *United States v. Novak*, 715 F.2d at 814 (citing cases). The Third Circuit in *Novak* also recognized a reasonableness limitation on the application of excludable time from one codefendant to another. Brown presented his argument for placing a "reasonableness" constraint on section (h)(7) to the district court and to this court, but in neither instance did he provide any specific reasons for why the excludable period of delay might be reasonable as applied to Middleton but not as applied to Brown. Because Brown has not shown, by reference to relevant facts, how he would benefit from his construction of the statute, we need not interpret the precise interplay of sections (h)(1)(F) and (h)(7) of the Act. 18 U.S.C. § 3161(h)(1)(F) & (h)(7). For the purposes of this case, we hold that any excludable delay properly attributable to the pendency of Middleton's pretrial motions is applicable to Brown.

■ Second, Brown contends that the period during which a speedy trial motion is pending without a hearing should be nonexcludable time. Otherwise, Brown argues, a defendant would dilute his speedy trial rights in trying to assert them. However, section 3161(h)(1)(F) contains no exception to its requirement that "any pretrial motion" triggers a period of excludable delay. A speedy trial claim not asserted before trial is forever lost. 18 U.S.C. § 3162(a)(2). A speedy trial motion is potentially dispositive and often requires a detailed analysis of all pretrial activity. With these considerations in mind, we hold that a speedy trial motion triggers excluda-

---

2. The period May 28 to July 13 contains 47 days. The period July 29 to September 13 also contains 47 days. 47 + 47 = 94.

3. Sixty non-excludable days added to the previous 11 non-excludable days would surpass the 70-day statutory maximum. 18 U.S.C. § 3161(c)(1).

ble delay under subsection (F). *See, e.g., United States v. Bolden,* 700 F.2d 102, 103 (2d Cir.1983); *Furlow v. United States,* 644 F.2d 764, 768 (9th Cir.), *cert. denied,* 454 U.S. 871, 102 S.Ct. 340, 70 L.Ed.2d 175 (1981). Of course, the duration of that excludable delay is subject to the *Mitchell* "reasonably necessary" time limitations.

■ The government would have us find that the 94-day delay was "reasonably necessary", because a district court might be able to manage a criminal case more fairly and efficiently by deferring hearing or disposition of a motion to suppress until immediately before trial or at least until other preliminary motions—such as the motions for severance and for discovery in this case—have been decided. This point, while sensible, has no discernible limit in the speedy trial context. To permit a court both to defer a motion until trial *and* to order excludable delay from the filing of the motion until its hearing would reopen the section 3161(h)(1)(F) loophole that *Mitchell* and similar decisions from other circuits have attempted to close. *E.g., United States v. Novak,* 715 F.2d 810 (3d Cir.1983); *United States v. Cobb,* 697 F.2d 38 (2d Cir.1982). If the district court wishes to defer motions until immediately prior to or during trial, the court may find all or part of the period of delay excludable only to the extent that such delay was reasonably necessary for processing the motions. *See United States v. Cobb,* 697 F.2d at 46.

■ In addition to setting forth the "reasonably necessary" time rule, *Mitchell* also announced a rule, with prospective application only, for district courts to follow in situations in which the district court decided to exclude a lengthy period of time due to the pendency of a pretrial motion. To facilitate appellate review of district court decisions under the "reasonably necessary" time rule, *Mitchell* directed that *"henceforth* district courts make specific and reasonably contemporaneous statements of reasons for any extended exclusions of time between filing and hearing or submission of pretrial motions". 723 F.2d at 1047 (emphasis added). Because the district

court denied Brown's speedy trial motion prior to *Mitchell* and did not supply any reasons for the extended delay in disposing of the defendants' motions, we cannot, on the record before us, discern whether the delay was "reasonably necessary". We therefore remand so that the district court may re-evaluate its denial of Brown's speedy trial motion in light of *Mitchell. See, e.g., United States v. Cobb,* 697 F.2d at 44–45 (remanding to district court for statement of reasons under "reasonably necessary" time standard). It would be overly harsh to apply *Mitchell*'s "reasonably necessary" time rule without also providing the district court an opportunity to justify the pretrial delay, as required by *Mitchell.*

If, on remand, the district court provides reasons that satisfy *Mitchell,* the district court shall leave Brown's conviction undisturbed. If the district court believes that the delay in processing the motions was not "reasonably necessary", then the court shall vacate Brown's conviction and dismiss his indictment, with or without prejudice, dependent on findings made under 18 U.S.C. § 3162(a)(2).

*The case is remanded to the district court for further proceedings consistent with this opinion.*