UNITED STATES of America, Appellee,

v.

Charles BROWN, Defendant, Appellant.

No. 85–1338.

United States Court of Appeals,
First Circuit.

Argued June 6, 1985.

Decided Aug. 14, 1985.

Owen S. Walker, Federal Public Defender, Boston, Mass., for defendant, appellant.

Sydney Hanlon, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief for appellee.

Before CAMPBELL, Chief Judge, BREYER and DAVIS,* Circuit Judges.

DAVIS, Circuit Judge.

Charles Brown appeals from his conviction after reindictment for possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) (1982), and for conspiracy to commit that crime, id., § 846. He argues that the United States District Court for the District of Massachusetts violated the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–3174 (1982), when it dismissed an earlier indictment for the same offenses without prejudice, instead of with prejudice which would have precluded reprosecution. We hold that the district court did not abuse its discretion by dismissing the prior indictment without prejudice.

I.

Brown and Ernest Middleton, along with two others, were arrested on February 2, 1983 and indicted seven days later. On September 14, 1983, both defendants filed a

* Of the Federal Circuit, sitting by designation.

motion to dismiss, alleging that the Government failed to bring them to trial within the seventy-day period provided by the Speedy Trial Act (Act). The district court denied the motion, resting its decision largely on the provision excluding from the seventy-day limit a delay resulting from any pretrial motion. 18 U.S.C. § 3161(h)(1)(f). Conditioning his plea upon his ability to appeal the denial, Brown pled guilty on October 21, 1983 to both possession with intent to distribute and conspiracy to distribute cocaine. Middleton, on the other hand, was convicted by a jury on December 8, 1983 of simple possession. Both defendants appealed the denial of the speedy trial motions. This court remanded so that the district court could reevaluate its denial in light of *United States v. Mitchell,* 723 F.2d 1040 (1st Cir.1983), which had been decided subsequent to the district court's speedy trial decision here. *United States v. Brown,* 736 F.2d 807 (1st Cir.1984) (*Brown I*). The opinion in *Brown I* specifically stated that if on remand the district court believed that the nonexcludable delay in processing the pre-trial motions did not meet the "reasonably necessary" time standard set forth in *Mitchell,* then the district court should vacate the conviction and dismiss the indictment "with or without prejudice, dependent on findings made under 18 U.S.C. § 3162(a)(2)." 736 F.2d at 810. This statutory provision provides in relevant part:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

On remand, the district court (through the same judge) concluded that the time delay in question was not reasonably necessary for the processing of the pre-trial motions, and both indictments were accordingly dismissed. However, after weighing the appropriate factors, the court held that Brown's case was "sufficiently 'exceptional' to warrant dismissal *without* prejudice to reprosecution" (emphasis in original), while Middleton's case required dismissal with prejudice.

Because Brown's dismissal was without prejudice, he was reindicted on both counts on March 6, 1985. He filed a motion to dismiss asserting that the dismissal of his first indictment should have been with prejudice. That motion was denied, and after a jury-waived trial with stipulated facts before another judge, Brown was found guilty of the same charges as before. On April 12, 1985, he received a sentence of two years on each count, to run concurrently, and credit for the time already served on the earlier sentences which were each six months longer than the current sentences. Brown appeals from that conviction, arguing that the earlier case should have been dismissed with prejudice, thus barring the reindictment.

II.

■ Appellant contends that this court should apply a strict standard when reviewing the district court's speedy trial dismissal without prejudice. However, determination of whether dismissal shall be with or without prejudice is left to the sound discretion of the trial judge. In *United States v. Pringle,* 751 F.2d 419, 436 (1st Cir.1984), this court directed "the district court to enter an order granting defendant's motion to dismiss under the Speedy Trial Act, dismissing the indictments either with or without prejudice, *as the court believes appropriate* under § 3162(a)(2) of the Speedy Trial Act." (Emphasis added.) It is clear from this holding that the application of § 3162(a)(2) is discretionary with the trial judge. This position comports with other circuits' applications of § 3162(a)(2). *See United States v. Frey,* 735 F.2d 350, 353 (9th Cir.1984) ("the district judge may make the dismissal for noncompliance with the Act either with or without prejudice, in his discretion"); *United States v. Russo,* 741 F.2d 1264 (11th Cir.1984); *United States v. Bittle,* 699 F.2d 1201, 1208 (D.C.Cir.1983) ("§ 3162 makes it

clear that the trial court has discretion to dismiss the complaint with or without prejudice"); and *United States v. Brainer,* 691 F.2d 691 (4th Cir.1982).

Appellant nonetheless argues that a higher standard of review is required here because the district judge was required to pass on his own prior conduct. In *Brown I,* remand was back to the same trial judge, as may be appropriate when "for a new judge to achieve familiarity [with the case] would require wasteful delay or duplicated effort, or when the original judge has unique knowledge of relevant facts which he might legitimately use to augment the record." *O'Shea v. United States,* 491 F.2d 774, 779 (1st Cir.1974); *cf. Halliday v. United States,* 380 F.2d 270, 272–74 (1st Cir.1967), *aff'd on other grounds,* 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). If Congress had specially wanted a new or different judge to pass on speedy trial motions involving scrutiny of the court's own actions, it would have provided for such a procedure. Here, we see no occasion to establish any extra-statutory standard of stricter review for judges passing on their own actions in cases arising under the Speedy Trial Act, or to require a different judge on remand, at least where our own reversal, based as it was on a clarification of the law, was inoffensive.[1] *See In re Special Counsel to the Boston & Maine Corp.,* 737 F.2d 115, 120 (1st Cir.1984). In fact, the original district judge in the instant case blamed himself for not having the foresight to anticipate the *Mitchell* ruling. The district court's care and fairness is also exemplified by its dismissal of Middleton's indictment *with* prejudice. We are not convinced that any stricter standard of review is required and will appraise the district court's dismissal of Brown's indictment by the normal abuse of discretion standard.

▆ Appellant also argues that because dismissals without prejudice have no ultimate effect, the only remedy "with any teeth in it for violations of the Act" is a dismissal with prejudice barring reprosecution. Implicit in such an argument is that there exists a presumption in favor of dismissal with prejudice for violations of the Act and that the district court failed to ascribe any weight to such a presumption. As support for this position, appellant cites *United States v. Angelini,* 553 F.Supp. 367, 370 (D.Mass.1982), where that court held that "to allow a dismissal without prejudice would be to neutralize whatever catalyzing effect the Act might have on the all too patient pace of the criminal justice system," and therefore a presumption of dismissal with prejudice should exist.

There is, however, no mention of any presumption in the clear language of § 3162(a)(2), *supra.* As exhaustively pointed out in *United States v. Caparella,* 716 F.2d 976 (2d Cir.1983), review of the legislative history of the Act shows that Congress rejected a sanction of outright dismissal with prejudice and adopted the compromise position which requires balancing the three statutory factors (*see supra*). While we recognize that the Committee on the Judiciary in the 1979 Amendment to the Act cautioned that the "use of the dismissal without prejudice will be the exception and not the rule," H.R.Rep. No. 390, 96th Cong., 1st Sess. 8–9, *reprinted in* 1979 U.S.Code Cong. & Ad.News 805, 812–813, it cannot be said that the sanction of dismissal without prejudice is completely negligible. A grand jury may refuse to reindict the defendant or the defendant may even be acquitted at the second trial. *United States v. Janik,* 723 F.2d 537, 546 (7th Cir.1983). In addition, as in the present case, the length of a sentence after reindictment may be shorter than in the first instance. Above all, the fact is that Congress explicitly and affirmatively decided to make dismissal without prejudice one of

---

**1.** We also find it significant that, although defendant argues on appeal that the trial judge's dismissal of his indictment without prejudice should be subjected to a strict standard of review, following our remand in *Brown I,* he does not appear to have made a motion for recusal. *See Tracey v. United States,* 739 F.2d 679, 681 (1st Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 787, 83 L.Ed.2d 781 (1985).

the sanctions for violation of the Act. *Id.* The heart of the matter therefore is:

> It would ill behoove a court to engraft a presumption on statutory language plain on its face that does not include it. Instead, we prefer to follow the thrust of the compromise reached in Congress and leave the discretionary decision on whether dismissal is with or without prejudice to the courts.

*Caparella, supra,* 716 F.2d at 980. *See also United States v. Russo,* 741 F.2d 1264, 1266 (11th Cir.1984) (agreeing with *Caparella* that neither remedy is preferred).

### III.

As pointed out, *supra,* the Act sets out three independent factors which must be weighed case-by-case to determine which of the two forms of dismissal sanctions should be imposed: (1) the seriousness of the offense; (2) the facts and circumstances which led to the dismissal; and (3) the impact of reprosecution on administration of the Speedy Trial Act and on administration of justice in general. *See* 18 U.S.C. § 3162(a)(2). We consider in turn the district court's treatment of each factor.

■ That court found that the two offenses to which Brown pled guilty on the first indictment—distribution and conspiracy to distribute cocaine—are undeniably serious, and consequently they militate in favor of dismissal without prejudice. The amount of cocaine involved in this case was four ounces, with a wholesale value of approximately $10,000. Each offense of which Brown was convicted carried a possible fifteen-year sentence. Nonetheless, appellant concludes that while cocaine distribution is, "when measured on an absolute scale, a serious offense," the seriousness of the offense should be measured on a scale relative to other prosecutions in the district

court. Appellant's brief then totals up the number of larcenies, forgeries, counterfeits, robberies and gun cases prosecuted for two years (1982–1983) in the District of Massachusetts and compares them to this "routine drug case." From these facts, appellant concludes that the seriousness of the offense necessarily weighs in favor of dismissal with prejudice. We cannot at all agree. The distribution of a substantial amount of a hard drug like cocaine is a serious and grave offense against society as a whole, and the district court properly found that the offense weighed heavily in favor of dismissal without prejudice.[2]

Turning to the second factor, the district court found that the "facts and circumstances ... which led to the dismissal" weigh in favor of dismissal with prejudice. The court reasoned that the speedy trial violation stemmed from its own failure to anticipate this court's ruling in *Mitchell* and that closer judicial attention might have precluded such a failure.[3] Candor is always to be commended, but the court was unduly harsh on itself. While *Mitchell* does have a retrospective impact, it was not clearly or obviously foreseeable as a decision. This court has said that *Mitchell* dealt with sections of the Act which had never previously been construed by this circuit. *United States v. Ferris,* 751 F.2d 436, 439–40 n. 1 (1st Cir.1984). We are not confronted with a situation where the delay was intentional, due to administrative neglect or due to a misunderstanding of the meaning of the Speedy Trial statute. *See United States v. Russo,* 741 F.2d 1264 (11th Cir.1984) (misunderstanding of the Act not an excuse). The delay was due to a failure to anticipate a ruling by this court on a legal issue not previously free from doubt. Thus, the facts and circumstances

---

**2.** The district court found that Middleton's offense of simple possession was not as serious, and therefore supported dismissal with prejudice.

**3.** The court said:
> Had the court possessed the foresight of several of its colleagues ... in anticipating the

> *Mitchell* ruling, it would have accelerated the schedule for the [pre-trial] motions once this delay arose. On the mistaken assumption that the mere pendency of those motions would suffice to toll the speedy trial clock, this course was not followed.

which led to dismissal do not favor either sanction more heavily than the other.

With respect to the first part of the final statutory factor to be considered—the impact of reprosecution on the administration of the Speedy Trial Act—the district court found that dismissal without prejudice in this case would have less of an impact on the administration of the Act than under ordinary circumstances since the dismissal was attributable more to a lack of judicial prophecy than to the sort of administrative neglect normally the target of the Act. Appellant counters by citing then Assistant Attorney General Rehnquist's remarks in a 1971 Senate hearing on a proposed speedy trial bill:

> [I]t may well be, Mr. Chairman, that the whole system of federal criminal justice needs to be shaken by the scruff of the neck, and brought up short with a relatively preemptory instruction to prosecutors, defense counsel, and judges alike that criminal cases must be tried within a particular period of time. This is certainly the import of the mandatory dismissal provisions of your bill.

A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974*, 17 (1980).

In this case, the criminal justice system has been "shaken by the scruff of its neck" by the Act itself, the 1979 amendments, this court's *Mitchell* ruling and its progeny, as well as by *Brown I.* We do not expect that, after *Mitchell,* the unnecessary delays which occurred here will be tolerated or are likely to reoccur in this circuit. And if they do occur, *Mitchell* sets forth the standard by which the court will deal with them.

The district court also found that a dismissal without prejudice would be consistent with the administration of justice. We cannot say that this was wrong. The length of time by which the Act's limit was exceeded (*i.e.,* 35 days) was not exorbitant. Appellant presented no evidence that he suffered any actual prejudice by the dismissal without prejudice. *See United States v. Bittle,* 699 F.2d 1201, 1208 (D.C. Cir.1983) (prejudice to a defendant may be one of the factors to be considered). The crimes charged were serious and the proper administration of justice calls for their prosecution.

The sum of it is that the district court properly exercised its discretion under the factors set forth in § 3162(a)(2) and in determining that the previous indictment should have been dismissed without prejudice. The judgment of the district court convicting Brown on the basis of his reindictment is accordingly affirmed.

AFFIRMED.