**UNITED STATES of America, Plaintiff,**

**v.**

**Jacqueline MOORES, Eugene Glass, David Carter, Defendants.**

**Crim. No. 84–324 (JP).**

United States District Court,
D. Puerto Rico.

Sept. 6, 1985.

J. Pedrosa, Asst. U.S. Atty., Hato Rey, Puerto Rico, for plaintiff.

José A. Fuentes Agostini, San Juan, Puerto Rico, and Joseph Paglino, Miami, Fla., for defendants.

## ORDER

PIERAS, District Judge.

Defendant Moores has filed several motions requesting the dismissal of the case due to alleged violations of the Speedy Trial Act, 18 U.S.C. 3161, *et seq.*

Defendant was indicted on August 29, 1984 and a Motion to Dismiss was filed on September 4, 1985, 372 days later.

As the defendant correctly stated, the Speedy Trial Act requires that a defendant be brought to trial within seventy (70) days of either indictment or first appearance before a judicial officer, but the Act also permits the exclusions of delay periods caused by specific kinds of pre-trial activity from the computation of this seventy-day period.

Since the Motions to Dismiss have been duly presented under the Act (18 U.S.C. 3161, *et seq.*), the Court must review the course of events from indictment up to the filing of the motion to dismiss as of late in this case, September 4, 1985. *United States v. Pringle*, 751 F.2d 419, 429 (1st Cir.1984).

The exclusion of periods is not left by the Act as discretionary, for the statute sets out specifically what can be excluded and what is not to be excluded.

In order to clarify to all parties' concern, we will first make a chronology on the major events occurring during the 372 days elapsed from the filing of the Indictment to the filing of the Motion to Dismiss. Although the defendant has filed three motions, we use the latest date since that motion is the only one that complies with

the local rules of this Court and, besides, it is to defendant's benefit since it was filed at the latest day.

## I. *The Chronology:*

On August 29, 1984 an indictment was filed against the defendant Ms. Moores and her two co-defendants. (No mention is made as to the co-defendants in this order since their case was long disposed of). On August 31, a codefendant was arraigned. Three motions on behalf of the codefendant were filed on September 5, 1984, one motion on behalf of defendant filed on September 6, 1984, and the Arraignment of Ms. Moores held that same day; an Order by the U.S. Magistrate in relation to the physical health of the defendant was also entered on that date. On September 7, 1984, a Bail Reduction Hearing was held on expedite manner due to the health problems alleged by defendant and counsel. On September 19, 1984, a Minute was entered notifying the parties of a Status Conference before the Court for September 26, 1984. On that same date, a motion was filed by the defendant requesting a review of the conditions of release and an opposition filed on the 20th of September by the government. On the 24th of September, an Order was entered reducing the bail originally imposed. On that same date, 3 motions were filed on defendant's behalf, including a Motion to Suppress. On the next day, the 25th day of September, four additional motions were filed by Ms. Moores, including a Motion to Dismiss for Lack of Jurisdiction. The Court met with counsel for the defendant on the 26th of September. The Court referred all motions filed to the U.S. Magistrate for a Report and Recommendation. The Government filed an Omnibus Reply to all pending motions the 15th day of October and an additional motion to destroy bulk evidence; in the meantime, the defendant filed two more motions that day. On October 19, 1984, the Magistrate further amended the bail conditions and eliminated the cash bail requirement and substituted it for sureties. Defendant further filed 2 motions on the 19th, one on the 22nd, six on the 29th of October,

and six on the 30th of October. The Court held a hearing on the 30th of October to consider several motions filed by defendant Moores. At the conclusion of the Hearing, the Court referred all pending motions to the U.S. Magistrate and scheduled Trial for December 3, 1984. On November 1st, 1984, the Court entered an Order pursuant to the Hearing held the previous day clarifying the bail conditions imposed.

Further motions were filed in November and, at this time, a codefendant moved the Court for a Change of Plea on the 13th day of November. The Change of Plea was held on that day. On the 19th day of November, the Magistrate disposed of several non-dispositive motions and further filed a Report and Recommendation as to the dispositive motions. Defendant Moores filed a motion for continuance of trial and Speedy Trial waiver on the 27th day of November, together with an appeal of the Magistrate's Report and Recommendation. The Court, on November 29, ordered the scheduling of a hearing on the motion for continuance and waiver of Speedy Trial for the day the trial was to be held, i.e., December 3, 1984. On November 30, defendant Moores requested our stay on the Magistrate's Report and Recommendation. A Hearing was held on December 3, pursuant to defendant's motion for continuance. The Court heard the evidence and made a finding in open Court in the best interest of justice to continue the trial as requested to March 6, 1985. On December 7, 1984, codefendant Eugene Glass plead guilty to Count I of the indictment. On December 14, 1984, codefendant David Carter was sentenced and, on January 18, 1985, codefendant Glass was sentenced. Defendant Moores filed several non-dispositive motions in January and February 1985; while on February 6, the government requested a mental exam of the defendant pursuant to Title 18 U.S.C. § 4244 to determine if she was able to assist counsel and her competency to stand trial. On February 20, 1985, defendant replied requesting the exam to be either denied or performed in the Southern District of Florida. On the 21st of

February, the Government replied requesting the exam. The Court entered an Order on the 1st of March ordering the defendant to appear before a local psychiatrist for a mental exam and further continued the trial to April 15, 1985 to allow the psychiatrist an opportunity to render his report. The defendant, on March 19, 1985, filed a motion to dismiss the indictment due to violations of the Speedy Trial Act without any reasons nor memorandum. The government opposed this motion on the 29th of March and requested sanctions on the defendant for failure to comply with the local rules. On the 15th of April, 1985, a Hearing on the mental competency of defendant was held and, pursuant thereto, the Court entered two orders: 1) finding the defendant incompetent to stand trial and 2) committing the defendant for medical treatment pursuant to 18 U.S.C. 4241, *et seq.* Defendant Moores, immediately filed a Notice of Appeal, whereby the case was referred to the Court of Appeals. Even though the Court had lost its jurisdiction, counsel for the defendant attempted to hold an oral hearing regarding alleged violations of the Speedy Trial Act on May 1, 1985. On May 6, 1985, defendant filed a demand for discharge due to violations of the Speedy Trial Act or in the alternative, for an immediate Jury Trial. On May 20, 1985 defendant filed a motion to stay the Order of Committment pending appeal. The Court denied this Motion on the 23rd day of May. Pursuant to an Order from the Appeals Court, the government requested from the Court a Mental Competency Hearing on June 26, 1985. The Court, on June 28, scheduled a Hearing for the 22nd of July, but re-scheduled it on July 19 for the 23rd of July. On the 23rd of July, the Hearing is held and defendant is released upon a finding that she is now able to assist counsel. Trial is set for September 9, 1985 upon the request of defense counsel and the Court enters a finding pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv). On the 4th of September, the defendant files the Motion to Dismiss for violations of the Speedy Trial Act.

## II. *The Computations:*

We now consider how much of the 372 days is excludable under § 3161(h). The Act in § 3161(c)(1) states that the seventy-day period begins to run when the defendant first appears before a judicial officer or when the indictment is filed, whichever occurs later. In this case, Ms. Moores appeared before the U.S. Magistrate on the 18th day of August, 1984, but was not indicted until August 29, 1984. We begin our computation on the 29th of August and exclude this day under § 3161(h)(1) as a "proceeding concerning the defendant". *United States v. Brown,* 736 F.2d 807, 808 (1st Cir.1984). For that same reason, September 6, 1984 is excludable since the defendant was arraigned on that day and a bail hearing was held. On September 7, a further hearing was held before the U.S. Magistrate on an expeditiously manner as requested by defendant's counsel and is also excluded for the same reasons.

The defendant, in its motion, correctly excludes under Section 3161(h)(1)(F) the time period between September 6 and September 14, 1984, the time of some pretrial motions filed by a codefendant, and the prompt disposition by the U.S. Magistrate. Our Appeals Court in *United States v. Mitchell,* 723 F.2d 1040 (1st Cir.1983), held that subsection (F) permits only such delay which is "reasonably necessary" from the time of filing to the time it is finally disposed of. Therefore, the eight days used by the Magistrate is clearly within the *Mitchell* rule. The time is thus excludable, however, the time excluded for the arraignment on the 6th and the hearing on the 7th are overlapping with this exclusion.

From the 15th of September to the 23rd of September, no further motions were filed; therefore, these days are not excludable. Defendant filed several motions on the 24th including a Motion to Suppress and other motions on the 25th, including a Motion to Dismiss, which open an excludable on a reasonable necessary standard as set by the *Mitchell* rule.

■ The Court held a conference with the attorneys on the 26th day of September. The 26th is therefore excludable as "proceeding concerning the defendant". The Court referred the motions pending before the Court to the U.S. Magistrate for a Report and Recommendation on that same day. The Government made a reply on the motions filed by defendant on October 15, 1984 and the defendant moved the Court for a hearing on the 19th of October and filed addendums on said date to the motions filed on the 24th and 25th of September, 1984. The parties, on the 29th of October, filed further memorandums and addendums to the pending motions. The Court, therefore, excludes all the period from the 24th of September to the 30th of October, for it fully complies with the reasonably necessary standard of the *Mitchell* rule. Overlapping is the Hearing held by the Court on October 30 to hear all new pending motions. At this Hearing, the Court granted the outside counsel to appear pro hac vice and ordered the local counsel to sign all motions tendered by the outside counsel. This day is therefore excludable.

■ The Court granted ten (10) days to the government to reply to all new motions filed and ordered a Magistrate Report and Recommendation as to *all* motions pending. The U.S. Magistrate ruled and recommended on all motions on the 19th of November. This period is well within the *Mitchell* rule and we, therefore, exclude the period from November 1st to November 19th. The defendant filed a timely appeal on November 27, 1984. The time period from November 20 to the 26th is also excludable, for the rules allow both the government and the defendant ten (10) days to appeal as of right; therefore, we also exclude this time period.

■ The Court, on November 27, had before it a Report and Recommendation and an appeal therefrom which, under the *Mitchell* rule, could be extended up to December 27, 1984 and no longer. Since the Court did not act within the thirty (30) days sanctioned by the Appeals Court, the excludable is allowed only to the 27th of December. The Court now understands that the motion filed by the defendant on November 30, requesting a stay of the Magistrate's Order in lieu of a Trial continuance requested due to the mental condition of defendant, has no effect and the Court should have decided the appeal within the thirty (30) days of the *Mitchell* rule. However, this oversight is of no consequence, since on December 3rd the Court held a hearing pursuant to defendant's Motion for Continuance of Trial. The Court granted the continuance pursuant to § 3161(h)(8) and made the specific findings in the best interest of Justice over the objections of the government. Therefore, the continuance due to the mental incompetence claimed by defendant from December 3, 1984 to March 6, 1985 is all excludable. The Speedy Trial waiver was not considered by the Court since the Act does not contemplate a Speedy Trial waiver as an alternative, for it is clear that no such waiver can be accepted under the Statute. *See U.S. v. Pringle, supra*, at 433–34.

■ On February 6, 1985, the Government requested a mental exam of the defendant. The Court ordered the mental exam of the defendant and continued the Trial until the defendant could be examined to determine her mental competency. The Act specifically allows an excludable under § 3161(h)(1)(A). Therefore, the period from March 1st to April 15, 1985 is also excludable. We note an overlapping on the first six (6) days of March which are of no consequence. Defendant filed an unsupported Motion to Dismiss on March 19, which need not be addressed at this time. On April 15, a Hearing was held, whereby the parties stipulated the reports of both Dr. Cabrera (government's doctor) and Dr. Gilbert (defendant's doctor) as to the mental condition of the defendant and her inability to assist counsel in her own defense pursuant to 18 U.S.C. § 4241(d). The time that Ms. Moores was held as mentally incompetent is also excludable under § 3161(h)(4). Therefore, the period from April 15 to July 23, 1985 is also excludable.

Overlapping with this exclusion is the delay due to the appeal filed by the defendant on April 15 and running up to the dismissal to August 7, 1985. *See* § 3161(h)(1)(E).

■ On the Hearing held July 23, 1985, the Court granted defendant's request to hold trial on the 9th of September, rather than on the 30th of July or the 5th of August as proposed by the government. The Court specifically found under § 3161(h)(8)(B)(iv) that an opportunity should be given to the defendant since the ends of justice served by taking said action outweighed the best interest of the public and the defendant in a speedy trial. The defendant was then released pursuant to the bail conditions originally set. Consequently, the period from July 23 to September 9, 1985 is excludable.

An overlapping exists here too, since the defendant filed the Motion to Dismiss on September 4, 1985 and it is being decided today, September 6, 1985. This time is also excludable.

### III. *Accounting:*

We find a total of 16 days which are non-excludable:

| | |
|---|---|
| August 30 to September 5, 1984 | 7 days |
| September 15 to September 23, 1984 | 9 days |
| Total: | 16 days |

For all the above stated reasons, the Motion to Dismiss for violations of the Speedy Trial Act is hereby DENIED.

IT IS SO ORDERED.