**556**

UNITED STATES of America, Plaintiff,

v.

Benjamin HARDEN, Dorothy Harden, Phyllis Harden, Tracie Archie, Gwen Archie, a/k/a "Gwen Archer", Brandon Burton, a/k/a "Bowlegs", Lance Courtney, Frederick Etheredge Antonio Miller, Willie Sligh, Chris Antwan Sumter, Kenya Thompson, and Kevin Wright, Defendants.

Criminal No. 3:97–545–0.

United States District Court,
D. South Carolina,
Columbia Division.

Oct. 16, 1997.

J. Rene Josey, United States Attorney, Scarlett Anne Wilson, Assistant United States Attorney, Columbia, SC, for United States of America.

William G. Yarborough, Ashmore & Yarborough, Greenville, SC, for Benjamin Harden.

Gregory Poole Harris, Columbia, SC, Mark Reagan Calhoun, Lexington, SC, for Dorothy M. Harden.

Debra Yvonne Chapman, Columbia, SC, for Phyllis Harden.

Susan Z. Hitt, Assistant Federal Public Defender, Columbia, SC, for Tracie Archie.

Louis H. Lang, Callison, Tighe, Robinson and Hawkins, Columbia, SC, for Gwen Archie.

I.S. Leevy Johnson, Johnson, Toal & Battiste, Columbia, SC, for Brandon Burton.

James P. Rogers, Columbia, SC, for Lance Courtney.

Herbert W. Louthian, Jr., Louthian & Louthian, Columbia, SC, for Frederick Etheredge.

Creighton B. Coleman, Whaley, McCutchen, Blanton & Rhodes, Winnsboro, SC, for Antonio Miller.

Cameron B. Littlejohn, Jr., Columbia, SC, for Willie Sligh.

Jonathan Matthew Harvey, Columbia, SC, for Chris Sumtert.

James Edward Holler, Holler, Olive, Dennis, Corbett & Garner, Columbia, SC, for Kenya Thompson.

William Rhett Eleazer, Columbia, SC, for Kevin Wright.

## *ORDER*

PERRY, Senior District Judge.

This case is before the Court pursuant to motions by the defendants to dismiss the indictment against them upon the ground that the government has failed to comply with the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–62. Specifically, the defendants argue that though they were arrested July 1, 1997 and, pursuant to the Government's motion, held without bail pursuant to a warrant charging them with various narcotic offenses, no indictment or information was entered against them within thirty days as required by the Speedy Trial Act. Therefore, the defendants seek dismissal with prejudice of the indictment. Opposing the motions, the Government argues that on July 16, 1997, prior to expiration of the thirty day period required by the Act, it obtained an ex parte order from this Court which granted an extension of time to August 19, 1997 within which to obtain an indictment. The indictment herein was filed August 21, 1997. The Government also argues that its ex parte request for an extension to August 19, 1997 was a "scrivener's error" and that it actually intended to request an extension to "the grand jury term beginning August 19, 1997" and that, therefore, no violation of the Speedy Trial Act has occurred. Finally, the Government argues, that if this Court deems that the Speedy Trial Act has been violated, any dismissal of the indictment should be without prejudice.[1]

## *FACTS*

The defendants were arrested July 1, 1997 pursuant to federal arrest warrant charging them *inter alia* with conspiracy to distribute crack cocaine, cocaine powder and marijuana. Thereafter, at a preliminary hearing before United States Magistrate Judge Bristow

Marchant, the Government vigorously opposed the defendants' applications for bail. With a few exceptions the Court denied bail and required the defendants be held without bail pending trial.

On July 16, 1997 the Assistant United States Attorney submitted a proposed order to the Clerk's office for presentment to a judge of this Court. The proposed order was signed by the undersigned judge on July 16, 1997 and it granted the Government a continuance to August 19, 1997 to obtain an indictment against the defendants. An ex parte motion was also filed, reciting as the reason for the requested extension that the Assistant United States Attorney to whom the case was assigned for prosecution was involved in the trial of another case and that an extension beyond the thirty days required by the Act was needed to enable the Government to obtain the indictment. The instant motions to dismiss on behalf of some of the defendants were filed August 21, 1997.[2] The grand jury returned the indictment on August 21, 1997, fifty-one days after the defendants were arrested, twenty-one days beyond the time within which an indictment or information was required by the Speedy Trial Act, and two days beyond the time permitted by this Court's July 16, 1997 order.

## *DISCUSSION*

### A.

Several provisions of the Speedy Trial Act provide the basis for decision on the pending motions.

18 U.S.C. § 3161(b) provides that:

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. § 3162(a)(1) provides that:

---

1. The Court orally announced the within decision following a hearing on September 23, 1997 and stated that a written order, explicating the rationale of its decision, would follow. This order contains the explanation for the decision.

2. The motion were filed by the defendants Benjamin Harden and Dorothy Harden. All remaining defendants have joined in the motions and they seek the same relief, dismissal of the indictment, with prejudice.

If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) ... such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of justice.

Thus, the Act requires the Court to dismiss the charges against an individual against whom no information or indictment has been filed within the time required by 18 U.S.C. § 3161(b), "thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

The Act provides at 18 U.S.C. § 3161(h) that certain periods of delay shall be excluded in computing the time within which an information or indictment must be filed. Of particular relevance to this case is 18 U.S.C. § 3161(h)(8)(A) which provides:

Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge grants such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the Court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant to a speedy trial.

18 U.S.C. § 3161(h)(8)(B) provides that:

The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuance in the proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether in a case in which arrests precedes indictment, delay in filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

And significantly, 18 U.S.C. § 3161(h)(8)(C) provides that:

No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calender, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.

### B.

A period of delay is excludable under 18 U.S.C. § 3161(h)(8)(A) only "if the judge granted such continuance on the basis of his findings that the ends of justice served by

taking such action outweigh the best interest of the public and the defendant in a speedy trial."

▇ In this case, a proposed order was presented to the undersigned judge on July 16, 1997 and, candidly, the order was promptly signed without conducting the necessary balancing required by 18 U.S.C. § 3161(h)(8)(A). The ex parte motion, filed by the Assistant United States Attorney states *inter alia* as the reason for requesting a continuance for presentation of the case to a grand jury that "[t]he undersigned attorney is currently involved in a complex trial which began July 9, 1997 and is anticipated to last two weeks.... Due to the number of defendants in this case and due to counsel's involvement in an ongoing trial, counsel is unable to adequately prepare the indictment by the time of the next available grand jury on July 22, 1997." However, given the statutory admonition stated in 18 U.S.C. § 3161(h)(8)(C) that "no continuance under subparagraph (A) ... shall be granted because of general congestion of the court's calender or lack of diligent preparation ...," it is clear that the reason stated in the ex parte motion for continuance was not a proper reason to grant the continuance. The Government argues that this court's July 16, 1997 order "clearly refers to the Motion of the Government" and that it cites the "ends of justice" contemplated by § 3161(h)(8) and finds that "the ends of justice served by granting a continuance in this case outweighs the interest of the public and the defendants ..." *Government's memorandum in Response to Defendants' Motion to Dismiss.* And the Government relies upon several cases which hold that "where the (Government's) motion sets forth the basic facts, and they are obvious, it is not necessary to articulate them," *United States v. Mitchell,* 723 F.2d 1040 (1st. Cir.1983); *United States v. Guerrero,* 667 F.2d 862 (10th Cir.1981); *United States v. Gurary,* 860 F.2d 521 (2d. Cir.1988). But these cases are of no help to the Government in this case. In *United States v. Mitchell,* 723 F.2d 1040 (1st Cir.

1983) the defendant was arrested February 5, 1982 pursuant to a federal complaint charging him with conspiracy under 18 U.S.C. § 371 to possess stolen mail and other offenses which included conspiracy to illegally possess food stamps. He was thereafter released on bail. On March 1, 1982 the Government filed a motion ex parte to extend the time for filing the indictment from the date required by 18 U.S.C. § 316(b) to March 25, 1982. The motion was granted ex parte on March 3, 1982. While the order granting the continuance did not recite the reasons, the Government's ex parte motion stated that the Government had obtained records and documents which it had sent to Washington for laboratory analysis it deemed necessary to determine the extent and nature of the participation by each of the defendants and that, because of the volume of that material the requested analysis had not been completed. In its opinion affirming the trial judge's denial of the defendant's motion to dismiss the indictment on speedy trial grounds, the Court of Appeals held that the ex parte action of the district judge did not violate the Speedy Trial act and that "[t]here may be times, as here, when the reasons for granting the continuance are so clear that no hearing is necessary." [3]

In *United States v. Gurary,* 860 F.2d 521 (2d. Cir.1988) the Government filed a complaint against the defendants in April, 1986 charging them with federal offenses including conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Fifteen days later the Government applied for a sixty day continuance of the time in which to return an indictment. At a hearing attended by counsel for all parties, the motion was granted by a district judge who, thereafter, entered findings of fact supporting the order. The findings were sealed. In its opinion, affirming *inter alia* the trial judge's denial of the defendants' motion to dismiss on speedy trial grounds, the Court of Appeals published the trial judge's findings which included reference to a sealed ex parte affidavit of the Assistant United States Attorney stating that just before the defendants' arrest, a named

---

**3.** The Court also cautioned "that ex parte action should be the exception, not the rule" and, finding no abuse of discretion in that case, stated

that "ex parte actions under (h)(8)(A) are red signals to an appellate court." 723 F.2d at 1043.

individual had agreed to cooperate with the grand jury investigation and that this development "increased the danger that defendants would flee the country and expanded the scope of the grand jury investigation." The Court also observed that while the record did not include all the details of how the judge balanced the need for a continuance, he was somewhat constrained by his need to keep grand jury information secret and, that in the light of those difficulties, the record supported the continuance.

In *United States v. Guerrero*, 667 F.2d 862 (10th Cir.1981) the defendant was arrested on August 5, 1980 by federal authorities and charged with assault on a member of Congress. 18 U.S.C. § 351(e). He was released on bail. Prior to his scheduled trial, the presiding judge granted the Government's motion for a forty-five day continuance because the Congressman was going to be unavailable until after the forthcoming presidential election. Defendant's motion to dismiss the case because of the failure to bring the case to trial within seventy days required by the Speedy Trial Act was denied and the defendant was convicted. In its opinion, affirming *inter alia* the denial of defendant's motion to dismiss, the Court of Appeals stated that the ends of justice served by the granting of the continuance were paramount. The Congressman was a candidate for elective office in the then forthcoming election and was unavailable as a witness for the Government. The Court of Appeals recognized that, when it granted the continuance, the trial judge did not follow the literal terms of the Speedy Trial statute by repeating that which was in the motion, namely, that the Congressman was campaigning for the presidency of the United States and for the various reasons stated in the motion, would not be available as a witness for the Government during the period of the requested delay. However, the Court concluded that the information was stated in the Government's motion and that moreover the underlying facts were obvious and that the trial judge could have taken judicial notice of them. The Congressman was an essential witness for the Government and his unavailability to testify rendered the continuance necessary. But none of the above cases, upon which the Government relies, involved an effort by the Government to continue the time for procuring an indictment for a reason, as was done in this case, specifically forbidden by the Speedy Trial Act, "because of a general congestion of the Court's calender, or lack of diligent preparation...." 18 U.S.C. § 3161(h)(8)(C). And, contrary to the Government's argument that it had the right to and did rely on the July 16, 1997 order, the Court observes that, when it requested and obtained the order, the Government either knew or it should have known that the reason given for the requested continuance is specifically listed in 18 U.S.C. § 3161(h)(8)(C) as one for which no continuance shall be granted. This Court's July 16, 1997 order was entered in violation of that statutory provision.

This Court is keenly aware of the fact that there are other available Assistant United States Attorneys who could have presented this matter to the grand jury within the time required by 18 U.S.C. § 3161(b). Moreover, the charges stated in the indictment are regularly made and prosecuted by the United States Attorney and his assistants. The information upon which the officials acted when they arrested the defendants and opposed their release on bail was known by the United States Attorney's office.

The defendants were charged with violating federal narcotics laws. They were arrested July 1, 1997 by federal officers pursuant to a federal warrant and, at the Governments request, they were denied bail pending their trial. It may not be gainsaid that they have been prejudiced by the violation of the Speedy Trial Act.

### C.

Where, as in this case, a violation of the Speedy Trial act has been demonstrated by the failure to file an indictment or information within the time required by section 3161(b), "such charge against that individual ... shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). The Court must now consider whether the dismissal shall be with or without prejudice.

The statute instructs that in determining whether to dismiss the case with or without prejudice, "the Court shall consider, among other things, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(1). Therefore, this Court is required to carefully consider at least those three specified factors. *United States v. Taylor* 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988); *United States v. Keith,* 42 F.3d 234 (4th Cir.1994).

■ Among the factors the Court is required to consider is the seriousness of the offense. As the Court observed when it orally announced the decision, the drug offenses alleged in the indictment are indeed serious. It may not be gainsaid that the manufacture, possession and distribution of controlled narcotics substances is one of the most serious plagues known to civilization. Congress has enacted a plethora of statutory laws which proscribe various activities relating to narcotic drugs. Like other states, the State of South Carolina has also enacted statutory laws which similarly proscribe the manufacture, possession and distribution of narcotic drugs. Indeed the investigation that led to the arrests of the defendants herein by federal authorities was conducted jointly by South Carolina state and federal authorities and most probably conducted with the knowledge and advice of both state and federal prosecuting attorneys.

The Court is also required to consider as a factor the facts and circumstances of the case which led the dismissal. Those factors have been set forth above. They include: the defendants' arrests and detention without bail at the request of the Government; an ex parte order of this Court, improvidently entered, granting the Government a continuance to August 19, 1997 to obtain an indictment against the defendants pursuant to an application for such continuance stating reasons specifically prohibited by the Act, 18 U.S.C. § 3161(h)(8)(C) and with respect to which the undersigned did not "set forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant to a speedy trial" (18 U.S.C. § 3161(h)(8)(A)); the return of the indictment on August 21, 1997, fifty-one (51) days after the defendants were arrested, twenty-one (21) days beyond the time within which an indictment or information was required by the Speedy Trial Act (18 U.S.C. § 3161(b)) and two (2) days beyond the time permitted by the improvidently entered July 16, 1997 order of this Court.

The Court is also required to consider as a factor "the impact of a reprosecution on the administration of this chapter and on the administration of justice." Upon consideration of this factor it appears to the Court that prosecution of this case in federal court would now frustrate the very purpose of the Speedy Trial Act and the administration of justice. The Act was designed to implement and enforce the Sixth Amendment right to a speedy trial. To accomplish that purpose, the Act establishes specific, mechanical time limits within which the various stages of a prosecution must occur. The Act is therefore more stringent than the Sixth Amendment which permits a more flexible approach based largely on the prejudice sustained by a defendant because of delays in prosecution. *United States v. Iaquinta,* 674 F.2d 260, 264 (4th Cir.1982). The Court is also cognizant of the pendency of criminal charges against these defendants in the Court of General Sessions for Richland County, South Carolina arising from the same conduct of which the defendants stand accused in the instant indictment. If the evidence establishes their guilt, appropriate sentences will be imposed upon them by the South Carolina Court.

Although not specifically enumerated among the factors which the Court is required to consider in section 3162(a)(1), the legislative history of the Speedy Trial Act leaves "little doubt" that "the presence or absence of prejudice to the defendant is a relevant factor for a district court's consideration." *United States v. Scott,* 743 F.Supp. 400 (D.Md.1990). Most of the defendants have been detained without bail, pursuant to the Government's insistence, since their ar-

rest. That factor weighs against granting the Government the right to prosecute them now. The Government had its opportunity to proceed against them but it was required to observe the time schedules mandated by the Speedy Trial Act.

In accordance with the Act, the Court has considered each of the factors above stated. The factor regarding the seriousness of the offense arguably points in the Government's favor. However, the impact of this factor is reduced when one takes into consideration the fact that South Carolina regards the drug offenses charged against the defendants as serious and the State is now proceeding to prosecute the defendants under state law. The factor consisting of the circumstances of the case which led to the dismissal, together with the factors consisting of the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice and prejudice to the defendants all point to dismissal, with prejudice.

Accordingly, for the reasons above stated, the motions are *GRANTED*. The indictment and the charges stated therein are hereby *DISMISSED, with prejudice.*

**IT IS SO ORDERED.**